138 N.J. Super. 470 (1976)
351 A.2d 392
NATIONAL NEPHROLOGY FOUNDATION, APPELLANT,
v.
WILLIAM J. DOUGHERTY, COMMISSIONER OF HEALTH, ST. BARNABAS MEDICAL CENTER AND MORRISTOWN MEMORIAL HOSPITAL, RESPONDENTS. NATIONAL NEPHROLOGY FOUNDATION, APPELLANT,
v.
JOANNE E. FINLEY, COMMISSIONER OF HEALTH, AND HEALTH CARE ADMINISTRATION BOARD, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1975.
Decided January 12, 1976.
*472 Before Judges CARTON, CRAHAY and HANDLER.
Mr. Jeffrey L. Reiner argued the cause for appellant National Nephrology Foundation (Messrs. Meyner, Landis & Verdon, attorneys).
Mr. Jonathan Weiner, Deputy Attorney General, argued the cause for respondents Commissioner of Health and Health Care Administration Board (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. Burton L. Eichler argued the cause for respondent St. Barnabas Medical Center (Messrs. Brach, Eichler, Rosenberg & Silver, P.A., attorneys).
Mr. Michael S. Bubb argued the cause for respondent Morristown Memorial Hospital (Messrs. Schenck, Price Smith & King, attorneys).
The opinion of the court was delivered by CARTON, P.J.A.D.
The Acting Commissioner of Health granted to St. Barnabas Medical Center, on May 2, 1974, a certificate of need for the operation of an intermediate renal dialysis facility in the Morris County area. On the same date he rejected separate applications by the National Nephrology Foundation (National) and Morristown Memorial Hospital to operate an intermediate renal dialysis unit in the same area.
National appeals (National I) the action of the Acting Commissioner of Health granting the certificate of need to St. Barnabas. In the consolidated case (National II) National appeals the June 1975 decision of the Health Care Administration Board (HCAB) affirming the denial to National of a certificate of need. The Commissioner's decision to grant a certificate is a final one and hence appealable here as of right. The Commissioner's decision not *473 to grant a certificate is, however, subject to review by the HCAB. Hence the bifurcation of the application process.
The State's role in cases of this kind is set forth in the Health Care Facilities Act of 1971 (N.J.S.A. 26:2H-1 et seq.). Under that act no health care facility may be constructed or expanded unless a certificate of need for the facility is issued by the Commissioner of Health. The statute establishes criteria for the granting of such certificates (N.J.S.A. 26:2H-8), the review procedure to be followed (N.J.S.A. 26:2H-9), and the application procedure (N.J.S.A. 26:2H-10).
The statute governs the issuance of certificates as follows:
No certificate of need shall be issued unless the action proposed in the application for such certificate is necessary to provide required health care in the area to be served, can be economically accomplished and maintained, and will contribute to the orderly development of adequate and effective health care services. In making such determinations there shall be taken into consideration (a) the availability of facilities or services which may serve as alternatives or substitutes, (b) the need for special equipment and services in the area, (c) the possible economies and improvement in services to be anticipated from the operation of joint central services, (d) the adequacy of financial resources and sources of present and future revenues, (e) the availability of sufficient manpower in the several professional disciplines, and (f) such other factors as may be established by regulation. The commissioner shall cause appropriate surveys and studies to be made concerning the need for health care facilities and keep current records and statistics thereon by designated areas or regions of the State. * * * [N.J.S.A. 26:2H-8]
These criteria have been elaborated via regulation. N.J.A.C. 8:33-1.6, especially relevant to the arguments here advanced, provides:
Before a new health care facility is expanded or a new facility is approved, the Commissioner shall determine that a need exists which cannot be adequately and more economically met by a similar health care facility.
The application review process encompasses several distinct agencies. The statute commands that:
*474 The commissioner shall recognize the State Health Planning Council, the comprehensive area-wide health planning agencies and area planning councils as the recommending agencies in carrying out the purpose of this act. * * * [N.J.S.A. 26:2H-3]
The designated comprehensive area-wide health planning agency is the Hospital and Health Planning Council of Metropolitan New Jersey. The prescribed procedure requires an initial review by the area-wide agency (the "B" agency) and a subsequent review by the State Health Planning Council (the "A" agency). The Commissioner reviews the A agency's recommendations.
The Commissioner is empowered to grant certificates. N.J.S.A. 26:2H-9. The Commissioner is not empowered to deny applications. She can only recommend denial to another reviewing agency, the Health Care Administration Board (established pursuant to N.J.S.A. 26:2H-4).
In National I the B agency conducted an initial review of the three applications. It previously had conducted an independent survey of the area need for a renal dialysis facility and determined that only one such facility was needed. As a consequence, the agency treated the three applications as competing for one certificate of need. It should be noted that there was no attempt to dispute the conclusion that only one facility is needed and that only one certificate of need should be granted.
The B agency staff recommended grant of the St. Barnabas application and denials of the Morristown Memorial and National applications. The report concluded that a Barnabas facility would meet a recognized need and yield significant economies to patients and to the hospital. Recommended rejection of the National application was premised, among other things, on the fact that National's staff was relatively unknown to New Jersey physicians as well as National's lack of formalized arrangements for a back-up facility. The B agency review committee adopted its staff recommendations. The board of trustees, however, rejected the staff report *475 pending further collection of information. The A agency, similarly, voted to defer action.
At the A agency's behest, the New Jersey Regional Medical Program (RMP) engaged two eminently qualified out-of-state nephrologists to consult on the applications. The RMP consultants recommended approval of the Barnabas application.
The A agency thereafter recommended approval of the St. Barnabas application, conditioning its recommendation on St. Barnabas' agreement to operate the unit in cooperation with Morristown Memorial. Rejection of the National application was recommended essentially for the reasons set forth in the B agency staff report.
On March 12, 1974 the Commissioner notified St. Barnabas that its application had been approved subject to several conditions, along the lines of those suggested by the New Jersey Regional Medical Program, to assure full availability to all physicians and patients and effective cooperation with Morristown Memorial. On May 2 the Commissioner issued the certificate of need, conditioned on compliance with a contract negotiated by St. Barnabas with Morristown Memorial for cooperation.
It is that action which is the subject matter of the appeal in National I. While that appeal was pending before this court National was also pursuing the administrative appellate process provided for in the statute for review of the Commissioner's refusal to grant a certificate of need to it. Hearings were duly conducted before a hearing officer after which the hearing officer filed a report recommending denial of National's application. The administrative hearing was essentially a replay of the certificate-granting process which had culminated in the original grant of the application to St. Barnabas. However, in place of reports and conferences live witnesses came in for a recreation of the process by which National's application was denied. This court permitted the supplementation of the record in National I *476 with the transcripts of the administrative hearings in National II.
The only significant new information to come out of the hearings concerned an additional report prepared by the Coordinator of the Chronic Renal Disease Program in the New Jersey Department of Health at the request of the Acting Commissioner. This report gave a historical overview of the application's progress and reviews theretofore and contained the Coordinator's recommendation that the certificate be granted to St. Barnabas and that National's application be denied.
The HCAB affirmed the Commissioner's original decision that a certificate not issue to National. It is that final administrative order which forms the subject matter of the appeal in National II.
National's main argument on its appeal in National I is that only its application projected a cost per dialysis treatment and that the Commissioner failed to give adequate attention to the cost factor. In National II it makes the related argument that the HCAB erred in affirming the Commissioner's denial of its application.
Initially it should be noted that the Commissioner's decision to issue the certificate to St. Barnabas was a final administrative one. Hence HCAB could properly have rejected National's application on the sole ground that no need existed for an intermediate dialysis unit in the geographic area proposed by it.
The role of this court in reviewing the action of an administrative agency is to determine whether the findings could reasonably have been reached on sufficient credible evidence in the record. See Mayflower Securities v. Bureau of Securities, 64 N.J. 85, 92-93 (1973). If sufficient credible evidence is present in the record, the result below must be affirmed. Giving deference to the expertise of the administrative agency involved when acting within its field, we are satisfied from our review of the record that there was more than sufficient credible evidence to sustain the action of the *477 Acting Commissioner in granting the certificate of need to St. Barnabas.
At every stage of the application process, the responsible agencies, their staffs and consultants, recommended rejection of the National application and approval of the St. Barnabas application. In addition, the Commissioner of Health had received a report in September 1973 from the Advisory Committee, Chronic Renal Disease Program, a group attached to the Health Department itself, recommending rejection of the National application. The Advisory Committee, noting that its view did not involve a determination of need, limited itself to a conclusion that the National application did not satisfy established guidelines for such facilities. In particular, the Committee concluded that the applicant lacked an adequate affiliation agreement with area hospitals, had failed to document the availability of back-up facilities, and did not have a doctor with staff privileges at a local hospital to serve as nephrologist in charge of the operation.
There is no substance to the argument that the Commissioner, in granting certification to St. Barnabas, ignored the criteria established by statute and the regulations for such decision. The Acting Commissioner was required to consider a variety of criteria in arriving at his determination. In doing so, we are satisfied that the cost issue was considered.
There was evidence in the record from which the Commissioner could conclude that the costs of space and equipment for the unit cost per dialysis treatment would be essentially similar because the availability of Medicare funding for such treatment would tend to result in a leveling of costs. Nor was the Commissioner required to accept National's projection of its own cost per treatment as absolutely reliable. Furthermore, there was evidence in the record from which the Commissioner could estimate the approximate unit cost of the successful applicant. That he did not give to the cost factor the weight, in relation to other criteria, that National would have preferred does not mean that he failed to *478 consider it as a factor or ignored the criteria which had been established.
National's claim that HCAB erred in affirming the denial of its application is similarly devoid of merit. There was ample evidence to support that determination. Here too, the administrative review given the applications was an impressively thorough one. Every reviewing agency  B agency, A agency, the out-of-state RMP nephrologists, the Commissioner's staff, the Commissioner, the hearing examiner and, finally, the HCAB  concluded that St. Barnabas was the better applicant. National's argument that it could do the job more cheaply is the same argument made in National I. As we have already pointed out, even accepting this argument on its face value, cost is but one of the numerous factors which the agency considers in arriving at its decision. See N.J.S.A. 26:2H-8; N.J.A.C. 8:33-1.6.
We see no merit to the additional points urged by National for reversal. In arriving at this conclusion we think it fair to say that there is nothing in the record to suggest that National's application was rejected because it was not qualified. The entire case proceeded upon the assumption by all concerned that there was no need for a second facility. Should a need for a second unit develop at sometime in the future, National would not be barred from making application for a certificate of need. Circumstances existing at that time would determine whether or not it was entitled to receive it.
We think it appropriate to comment briefly on the procedure employed in this type of case. The procedures followed here, although in accordance with the statutory and regulatory requirements, involved considerable duplication of proof, issues and effort. As an aid in the review of cases which may arise in the future, the following is suggested: Where there is only one applicant for a certificate, the appeal routes laid down in the statute can be followed without any problems. However, where, as here, the parties are essentially competing for a single certificate, it would seem to be the better practice for the party denied the certificate *479 to seek leave to this court for an interlocutory review of the Commissioner's denial. See R. 2:2-4. The likelihood is that leave to appeal would be granted in such case since the grant of the certificate to one party is inextricably bound up with the denial of a certificate to a second party or parties. Cf. Merry Heart Nursing Home v. Dougherty, 131 N.J. Super. 412, 417 (App. Div. 1974), noting that where issues raised on appeal are purely legal, exhaustion of administrative remedies is not required.
Adoption of this procedure would do no violence to the administrative scheme envisioned in the statute. At the same time it would save expense, duplication of effort and time consumption. It would also obviate the contention that HCAB may be in fact, if not in name, reviewing the Commissioner's final decision to grant a certificate, a power residing in this court.
Affirmed.