154 N.J. Super. 24 (1977)
380 A.2d 1152
ST. VINCENT'S HOSPITAL, PLAINTIFF-APPELLANT,
v.
JOANNE E. FINLEY, COMMISSIONER, AND HEALTH CARE ADMINISTRATION BOARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1977.
Decided October 31, 1977.
*26 Before Judges BISCHOFF, KOLE and GAULKIN.
Mr. Adrian M. Foley, Jr. argued the cause for appellant (Messrs. McElroy, Connell, Foley & Geiser, attorneys; Mr. E. Peter Connell on the brief).
Mr. Douglass L. Derry, Deputy Attorney General, argued the cause for respondents (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by GAULKIN, J.S.C., Temporarily Assigned.
St. Vincent's Hospital appeals from the denial of its application for a certificate of need by the Health Care Administration Board (HCAB) in the New Jersey State Department of Health (Department). N.J.S.A. 26:2H-7 et seq.
The procedural history of the application is long and complex. St. Vincent's, a private Catholic "less than full service" hospital of 112 beds operated in Montclair since 1898, applied to the Department in May 1972 for a certificate *27 of need permitting it to relocate to a 200-bed full service hospital in West Caldwell. Before that application was acted upon, and based upon informal discussions with Department personnel, St. Vincent's withdrew its application and in November 1973 filed a new application for a certificate of need for a 100-bed "less than full service" hospital in West Caldwell. Sometime thereafter Montclair Community Hospital, a 122-bed hospital also located in Montclair, applied for a certificate of need to relocate to a 200-bed facility in that area of Essex County known as West Essex, where West Caldwell lies.
In keeping with N.J.S.A. 26:2H-3 and 10, both St. Vincent's and the Montclair Community applications were submitted for review by the Hospital and Health Planning Council of Metropolitan New Jersey (the "B" agency), a comprehensive area-wide health planning agency. N.J.S.A. 26:2H-2(g). In conjunction with that review, the B agency initiated discussions between the hospitals to determine whether a merger of institutions or facilities might be effected. Those discussions proved abortive since St. Vincent's contended that theological and philosophical differences between its Catholic institution and the nonsectarian Montclair Community were insurmountable. Thereupon, on March 27, 1974, the B agency recommended that St. Vincent's be issued a certificate of need, giving as its essential reasons that (1) the contemplated facility would yield an actual decrease of 13 beds; (2) the proposed less-than-full care hospital would have an affiliation with St. Joseph's Medical Center for special services and (3) the estimated indebtedness of the hospital would be within the guidelines promulgated by the Department. At the same time, the B agency recommended denial of the Montclair Community application.
Pursuant to N.J.S.A. 26:2H-10 and N.J.A.C. 8:33-2.4, the St. Vincent's application was forwarded for review by the State Health Planning Council (the "A" agency). N.J.S.A. 26:2H-2(f). While it was there pending, the *28 then Acting Commissioner of Health pursued further merger discussions with St. Vincent's and Montclair Community, again to no avail. On September 27, 1974 the A agency recommended denial of both the St. Vincent's and the Montclair Community applications on grounds that Essex County was already overbedded by 170 medical-surgical beds and that no need existed for two "acute general hospitals" in West Essex. In recommending denial the A agency noted that merger discussions had taken place and recommended that the B agency and the Department of Health "work together to insure a certificate of need that will best meet the health care needs in the Montclair-West Essex area."
On October 7, 1974, following receipt of the recommendations of both the B and A agencies, the Commissioner of Health recommended denial of the application on the same grounds relied upon by the A agency. St. Vincent's sought reconsideration of this recommendation, in part relying upon a then-existing administrative regulation, N.J.A.C. 8:32-9.3(a):
* * * a project involving the replacement of an existing facility shall not be subject to a bed need criterion by service in the certificate of need review process in those cases where the replacement facility proposes to replace beds up to the rated capacity by service which existed in the original facility.
The requests for reconsideration were forwarded by the Department to the A agency, which on January 31, 1975 determined that under the regulation it could not consider the bed need criterion in judging the St. Vincent's application; it thereupon reversed its earlier determination and recommended approval of that application. This recommendation was forwarded to the Commissioner who once again attempted to initiate merger discussions between St. Vincent's and Montclair Community, which once again aborted. Again the Commissioner recommended denial of the St. Vincent's application, this time on the basis of a number of reasons set forth in a letter addressed to St. Vincent's on April 24, 1975.
*29 Pursuant to N.J.S.A. 26:2H-9 St. Vincent's demanded a hearing. Following extensive hearings conducted between July 16, 1975 and February 11, 1976, the hearing officer on June 24, 1976 rendered a lengthy report which specifically addressed the reasons for denial set forth in the Commissioner's April 24, 1975 letter. The hearing officer found each of the reasons given by the Commissioner unsupported by the record and therefore recommended that the HCAB approve St. Vincent's application.
The HCAB considered the report of the hearing officer at its meeting of August 5, 1976, and voted to deny the St. Vincent's application. N.J.S.A. 26:2H-9. The reasons given by the HCAB were precisely those set forth by the Commissioner in her April 24, 1975 letter, stated in virtually the same language. At the request of St. Vincent's the HCAB reviewed its decision after receiving copies of the documents introduced at the hearing, but on November 4, 1976 it determined not to revise its conclusions. This appeal followed.
St. Vincent's advances four challenges to the HCAB action: (1) that the HCAB based its denial "on facts not reflected in the record" and failed to make adequate factual findings to support that denial; (2) that at its August 5, 1976 meeting in which the denial was voted, the HCAB improperly permitted the Department to present witnesses, exhibits and argument and denied St. Vincent's a similar opportunity; (3) that the denial arose from the Department's effort to force a merger between St. Vincent's and Montclair Community and that it therefore unconstitutionally impairs St. Vincent's freedom of religious expression, and (4) that the denial was voted "for patently arbitrary and unreasonable and capricious reasons."
We find ourselves unable to address the substantive issues presented, for we conclude that the findings of fact and conclusions of law of the HCAB are insufficient for review of the denial on the merits. Judicial review of such an administrative decision requires our passing on whether *30 it is "supported by substantial credible evidence and is neither arbitrary nor capricious." Guerrero v. Burlington Cty. Memorial Hosp., 70 N.J. 344, 356 (1976). In order to consider those questions we must have a clear statement from the administrative agency as to the basis for its decision. Our Supreme Court stated this principle succinctly in In re Plainfield-Union Water Co., 11 N.J. 382 (1953):
The courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review. The orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be "clearly disclosed and adequately sustained." Securities and Exchange Commission v. Chenery Corporation, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). "The administrative process will best be vindicated by clarity in its exercise;" judicial review demands that there be "clear indication" that the administrative authority "has exercised the discretion" with which it has been endowed. Phelps Dodge Corporation v. National Labor Relations Board, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217 (1941). It is in this wise that conformance to the statutory standard of conduct can be secured. [at 396]
See also, Weston v. N.J. State Bd. of Optometrists, 32 N.J. Super. 502 (App. Div. 1954).
These principles are set forth in statutory provisions and administrative regulations as well. N.J.A.C. 8:3-3.1 provides that proceedings of the Department are to be governed by the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq. Accordingly, upon the conclusion of the proceedings before him the hearing officer was required to submit findings of fact and conclusions of law. N.J.S.A. 52:14B-10(c). In making its determination the HCAB was required to limit its consideration to the record made before the hearing officer (N.J.S.A. 52:14B-9; N.J.A.C. 8:43D-1.9), which record includes the recommended report and decision of the hearing officer. N.J.S.A. 52:14B-10(c). In rendering its decision, the HCAB was required to set forth its own "findings of fact and conclusions of law, separately stated." N.J.S.A. 52:14B-10(d).
*31 The reasons for denial by the HCAB of the St. Vincent's application set forth in the August 16, 1976 letter fall far short of meeting the statutory requirement of "findings of fact and conclusions of law, separately stated." The reasons there given are precisely the same as those given by the Commissioner in support of her recommendation of denial on April 24, 1975, before the hearing was even demanded. Thus, the record is entirely barren of any indication as to how, if at all, the HCAB evaluated the proofs before the hearing officer or his report and recommendations. Indeed, our review of the transcript of the HCAB meeting of August 5, 1976 at which the denial was voted persuades us that no adequate evaluation was made by the HCAB of the record before the hearing officer or his conclusions.
The Department urges that a culling of the record by this court would disclose sufficient credible evidence to support the HCAB findings and that they therefore should be sustained. See Close v. Kordulak Bros., 44 N.J. 589 (1965); Nat'l Nephrology Foundation v. Dougherty, 138 N.J. Super. 470 (App. Div. 1976). But the sufficiency of evidence "must take into account whatever in the record fairly detracts from its weight"; the test is not for the courts "to read only one side of the case and, if they find any evidence there, the administrative action is to be sustained and the record to the contrary is to be ignored." Universal Camera Corp. v. Labor Bd., 340 U.S. 474, 481, 488, 71 S.Ct. 456, 461, 464, 95 L.Ed. 456 (1951). Here the absence of any statement by the HCAB as to how it weighed the proofs before the hearing officer and his findings leaves us without any guide to determine the sufficiency of the evidence or the adequacy of its evaluation by the HCAB. Cf. Weston v. N.J. State Bd. of Optometrists, supra.
In Universal Camera Corp. v. Labor Bd., supra, Justice Frankfurter cogently described why evaluation of a hearing officer's conclusions is essential in determining whether a *32 contrary agency conclusion is supported by sufficient evidence:
* * * evidence supporting a conclusion may be less substantial when an impartial experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. [340 U.S. at 496, 71 S.Ct. at 469]
The vulnerability of an administrative determination which does not specifically explain its rejection of a contrary finding of a hearing officer has been discussed in a number of recent cases. In Greater Boston Television Corp. v. F.C.C., 143 U.S. App. D.C. 383, 444 F.2d 841 (D.C. Cir.1971), cert. den. 403 U.S. 923, 91 S.Ct. 2229, 2233, 29 L.Ed.2d 701 (1971), reh. den. 404 U.S. 877, 92 S.Ct. 30, 30 L.Ed.2d 125 (1971), where the administrative agency had rejected the findings of a hearing examiner, Judge Leventhal discussed both the court's review of the administrative determination and the manner in which the agency must evaluate the findings of the examiner:
The function of the court is to assure that the agency has given reasoned consideration to all the material facts and issues. This calls for insistence that the agency articulate with reasonable clarity its reasons for decision, and identify the significance of the crucial facts, a course that tends to assure that the agency's policies effectuate general standards, applied without unreasonable discrimination.

* * *
The Examiner's decision is part of the record, and the record must be considered as a whole in order to see whether the result is supported by substantial evidence. The agency's departures from the Examiner's findings are vulnerable if they fail to reflect attentive consideration to the Examiner's decision. Yet in the last analysis it is the agency's function, not the Examiner's, to make the findings of fact and select the ultimate decision, and where there is substantial evidence supporting each result it is the agency's choice that governs. Here, the Commission accepted the Examiner's findings and conclusions to a substantial degree; and when it did not, the Commission made clear not only its awareness of what the *33 Examiner had concluded, but also its reasons for taking a different course. [143 U.S. App. D.C. at 393, 395, 444 F.2d at 851, 853]
In Local No. 441, Int'l Bro. of Electrical Wkrs. v. N.L.R.B., 167 U.S. App. D.C. 53, 510 F.2d 1274 (D.C. Cir.1975), the court remanded for further findings a determination of the National Labor Relations Board which rejected the conclusions of an administrative law judge, stating the following reasons:
Assuming for discussion, that the Board intended to differ with the [administrative law judge] it was incumbent upon the Board first to identify expressly an awareness that it was disagreeing with the ALJ, especially on a point where he had credited one witness over another, and second, to set forth the basis of disagreement with the ALJ so that we may determine whether the Board's finding is supported by substantial evidence in the record as a whole. [167 U.S. App. D.C. at 55, 510 F.2d at 1276]
See also, Alabama Ass'n of Ins. A. v. Bd. of Gov. of F.R. System, 533 F.2d 224 (5 Cir.1976); Brennan v. Giles & Cotting, Inc., 504 F.2d 1255 (4 Cir.1974).
For like reasons we find it necessary to remand the matter for the HCAB to make "findings of fact and conclusions of law, separately stated" (N.J.S.A. 52:14B-10(d)) with respect to the entire record, including the proofs before, and the report and recommendations of, the hearing examiner.
With respect to the proceedings on remand, we note that the hearing officer found that the Department had stipulated that "bed need was not a criterion in this case"; that by subsequent letter of June 1, 1976 the Department took the position that "bed need is a proper element for consideration," and that in the view of the hearing officer "it would be improper to consider it at this time." The stipulation appears to have been made because of N.J.A.C. 8:32-9.3, discussed above, which provided that a replacement facility "shall not be subject to a bed need criterion by service." That regulation was repealed during the course of the hearings below. N.J.A.C. 8:33-1.1(c). Yet lack of bed need was *34 recited as a reason for denial in the letter of August 16, 1976.
Similarly, it appears that St. Vincent's presented no proofs before the hearing examiner as to possible merger of facilities or institutions in reliance upon a July 23, 1974 letter from the Department advising that the Commissioner had determined "that the merger of your institution and Montclair Hospital will not be a consideration in the determination of your request for a Certificate of Need." The hearing officer accordingly found that merger "was to be excluded as a topic" from the hearing. The August 16, 1976 letter cites as another reason for denial, however, that "comprehensive application" jointly with another institution "has not been adequately considered."
The statutory criteria for the issuance of a certificate of need include consideration of "(a) the availability of facilities or services which may serve as alternatives or substitutes, (b) the need for special equipment and services in the area, and (c) the possible economies and improvement in services to be anticipated from the operation of joint central services." N.J.S.A. 26:2H-8. In view of this legislative mandate it would be inappropriate to require that on the remand the HCAB evaluate the application without reference to such criteria. Cf. Cooper River Convalescent Center v. Dougherty, 133 N.J. Super. 226, 233 (App. Div. 1975); Merry Heart Nurs. and Conv. Home v. Dougherty, 131 N.J. Super. 412, 419 (App. Div. 1974). But it would be equally inappropriate to permit the HCAB to utilize such criteria without giving St. Vincent's the opportunity to present evidence and argument bearing on them. See N.J.S.A. 52:14B-9; cf. In re Application of Union Community Bank, 144 N.J. Super. 39 (App. Div. 1976).
Accordingly, on the remand both St. Vincent's and the Department shall have the opportunity to supplement the record before the hearing officer with respect to the issues of bed need and merger of facilities or institutions. If either *35 or both of the parties so request, the HCAB shall remand the matter to the hearing officer for the purpose of supplementing the record as to those issues, whereupon the hearing officer shall file his supplemental findings of fact and conclusions of law and his recommendations. The findings and conclusions required of the HCAB by our remand shall be based upon the present record, as it may be thus supplemented. N.J.S.A. 52:14B-9.
In order to avoid prolonging this already extended proceeding, we fix the following time schedule: by November 12, 1977 the parties shall advise the HCAB as to whether they wish to supplement the record before the hearing officer; if supplemental hearings are requested, they shall be completed, and the hearing officer's report filed, by January 16, 1978, and the HCAB shall render its findings of fact and conclusions of law by February 17, 1978; if no supplemental hearings are requested, the HCAB shall render its findings by December 15, 1977.
One further matter concerning the remand requires comment. St. Vincent's contends that it was deprived of a fair hearing before the HCAB because both the Commissioner, an ex officio member of the HCAB, and Joseph Slavin, director of the B agency, were permitted to make presentations to the Board while representatives of St. Vincent's were prohibited from doing so. We are not prepared to conclude from the record before us that the HCAB permitted material beyond the record to be presented to it; clearly the HCAB may not expand the record without giving the applicant the opportunity to participate and respond. N.J.S.A. 52:14B-9. But even in the absence of an expansion of the record, in this unusual administrative setting where the Commissioner, whose recommendation is the subject of the hearing, is herself a member of the reviewing body, fairness in fact and appearance requires that the HCAB permit the applicant to respond appropriately to any statement made by the Commissioner in support of her recommendation. Cf. Mazza v. Cavicchia, 15 N.J. 498 (1954); *36 N.J. State Bd. of Optometrists v. Nemitz, 21 N.J. Super. 18 (App. Div. 1952).
The denial of the certificate of need is reversed and the matter is remanded to the HCAB for proceedings consistent with this opinion. We do not retain jurisdiction.