277 N.J. Super. 472 (1994)
649 A.2d 1319
IN RE THE CERTIFICATE OF NEED APPLICATION OF ARNOLD WALTER NURSING HOME. IN RE THE CERTIFICATE OF NEED APPLICATION OF RIVERVIEW HEALTH CARE SERVICES CORPORATION. IN RE THE CERTIFICATE OF NEED APPLICATION OF LAUREL ASSOCIATES, INC.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1994.
Decided November 23, 1994.
*475 Before Judges GAULKIN, BAIME and KESTIN.
Ivan J. Punchatz argued the cause for appellant Arnold Walter Nursing Home; (Cohen, Shapiro, Polisher, Shiekman and Cohen, attorneys; Mr. Punchatz, of counsel and on the brief with Elizabeth G. Litten).
Mary F. Rubinstein, Deputy Attorney General, argued the cause for respondent Commissioner of Health (Deborah T. Poritz, Attorney General, attorney; Joseph L. Yannotti, Assistant Attorney General, of counsel; Ms. Rubinstein, on the brief).
Richard R. Width argued the cause for respondent Riverview Health Services Corporation (Lindabury, McCormick & Estabrook, attorneys; Mr. Width, on the brief).
Theodosia A. Tamborlane argued the cause for respondent Laurel Associates, Inc. (Ms. Tamborlane, of counsel and on the brief with Jonathan H. Barkhorn).
The opinion of the Court was delivered by KESTIN, J.A.D.
*476 These appeals present challenges to the decisions of the Commissioner of Health (Commissioner) denying the certificate of need application of Arnold Walter Nursing Home (Arnold Walter) and granting the certificate of need applications of Riverview Health Care Services Corporation (Riverview) and Laurel Associates, Inc. (Laurel). Arnold Walter is the appellant in all three cases.
Having appealed as of right from the grant of the Riverview and Laurel applications, Arnold Walter moved for leave to appeal the denial of its application and for consolidation. We granted the motion. The procedure suggested in Nat'l. Nephrology Foundation v. Dougherty, 138 N.J. Super. 470, 478-79, 351 A.2d 392 (App.Div. 1976), has thus been employed. As a result, except for one aspect which need not detain us, the scope of our review in this certificate of need matter is full, a feature lamentably absent in Holy Name Hosp. v. Health Care Admin. Bd., 258 N.J. Super. 411, 417-19, 609 A.2d 1305 (App.Div. 1992) and In re Valley Hosp., 240 N.J. Super. 301, 573 A.2d 203 (App.Div. 1990), certif. denied, 126 N.J. 318, 598 A.2d 879 (1991). See also In re Overlook Hosp., 215 N.J. Super. 401, 417, 521 A.2d 1350 (App.Div. 1987). As for the one unincluded aspect, we are advised that a fourth applicant, Hazlet Manor (Hazlet), whose application in the same batch was also denied by the Commissioner, has elected to pursue its coexisting administrative remedies. A hearing in the Office of Administrative Law is scheduled.
In the process employed by the Commissioner, see N.J.A.C. 8:33-4.1 to -4.16, applications for certificates of need for particular services are not entertained until the Commissioner invites such applications by a general public notice. N.J.A.C. 8:33-4.1(a). In the instance before us, the Commissioner's notice specified a need for ninety-five new long-term care beds in Monmouth County. Four applications were received. Arnold Walter's application sought approval for sixty additional beds by way of expanding an existing facility; Riverview proposed a seventy bed expansion of its existing facility; Laurel sought approval for ninety-five beds in *477 a new facility to be constructed; and Hazlet proposed converting twelve of its residential care beds to twelve long-term care beds.
N.J.A.C. 8:33H-1.19(a) provides:
In the case where two or more applications propose to meet a limited nursing home bed need in a particular county, these applications shall be reviewed in competition with each other using the prioritization criteria contained herein.
Before the applications could be passed on by the Commissioner, reviews by a local advisory board (LAB), N.J.A.C. 8:33-4.12, and the State Health Planning Board (SHPB), N.J.A.C. 8:33-4.14, were required. Arnold Walter's application received unanimous approval from both bodies, with one abstention in the LAB vote. Riverview received unanimous approval from the LAB, with one abstention due to conflict; and four votes out of seven from the SHPB, with two negative votes and one abstention. Laurel received six approval votes out of eleven at the LAB level, with two negative votes and three abstentions; and was disapproved by the SHPH with three approval votes and four negative votes. Hazlet received ten approval votes and one negative vote from the LAB; and unanimous but conditional approval from the SHPB, with one negative vote on the condition.
After the matters reached the Commissioner, the applications of Riverview and Laurel, totalling 165 beds, were approved. Arnold Walter's application was disapproved, as was that of Hazlet. Arnold Walter's standing to appeal the approvals granted to Riverview and Laurel stems from the competitive nature of this certificate of need procedure. In re Valley Hosp., supra, 240 N.J. Super. at 304-05, 573 A.2d 203. N.J.S.A. 26:2H-9, which establishes that grants of such applications by the Commissioner are final, thereby confers the right to appeal. R. 2:2-3(a)(2). According to the statutory provision, denials by the Commissioner are reviewable by the Health Care Administration Board (HCAB); hence, the need for Arnold Walter to seek our leave to appeal the denial of its application. R. 2:2-4. When matters are reviewed by the HCAB, a record is customarily made in a contested case proceeding pursuant to N.J.S.A. 52:14B-9 and 10. See generally Holy Name Hosp. v. Health Care Admin. Bd., supra, 258 N.J. Super. *478 at 415-18, 609 A.2d 1305; In re Valley Hosp., supra, 240 N.J. Super. at 304, 573 A.2d 203; In re Application of Overlook Hosp., supra, 215 N.J. Super. at 409-11, 521 A.2d 1350; Nat'l. Nephrology Foundation v. Dougherty, supra, 138 N.J. Super. at 474, 351 A.2d 392.
In granting the Riverview and Laurel applications, the Commissioner's respective letter decisions recited that both applicants had scored the same number of points according to the prioritization criteria referred to in N.J.A.C. 8:33H-1.19(a) and articulated in N.J.A.C. 8:33H-1.19(b). Those letter decisions also summarized, in essentially identical terms, some of the features of each proposal. In the letter to Laurel, the Commissioner noted that the decision to grant the application despite the contrary recommendation of the SHBP was based upon the applicant's score under the prioritization criteria, which "outweigh the SHBP's recommendation of non-endorsement." According to the Commissioner's letter decision to Arnold Walter, its application was denied because it scored one point less than Riverview and Laurel in the total prioritization criteria points awarded. Following a description of the procedure used, the only specific reason given for the denial of the Arnold Walter application was its failure to comply with N.J.A.C. 8:33H-1.19(b)2, the criterion that requires the applicant to "provide documentation from area hospital discharge planners or other appropriate resources to show that there is a need of the magnitude that would warrant 20 percent of the proposed beds being dedicated for heavy care."
Arnold Walter argues that this criterion was informational rather than substantive in character, i.e., that it did not address the applicant's ability to comply efficiently and economically with standards of care or treatment; that the information required but not included in Arnold Walter's application was available to the Commissioner from other sources including the Riverview and Laurel applications; that its efforts to secure such information from area hospitals had met with non-cooperation; and that its application embodied the best, least expensive and most cost-efficient *479 plan when measured by substantive statutory and regulatory standards. The Commissioner and the successful applicants argue that the decisions in this matter should be affirmed because they are based upon straightforward application of the prioritization criteria in N.J.A.C. 8:33H-1.19(b) and because Arnold Walter could have secured the specified information from sources other than the area hospitals.
As a general rule, decisions of administrative officers and agencies should be upheld if they are based upon substantial evidence in the record, Close v. Kordulak Bros., 44 N.J. 589, 598-99, 210 A.2d 753 (1965), especially when they involve discretionary determinations, Mayflower Securities Co. v. Bureau of Securities, 64 N.J. 85, 92-93, 312 A.2d 497 (1973), or the weighing of evidence, De Vitis v. New Jersey Racing Comm'n, 202 N.J. Super. 484, 489-90, 495 A.2d 457 (App.Div.), certif. denied 102 N.J. 337, 508 A.2d 213 (1985). It is the agency head's obligation, however, to state the basis of decision with clarity; and, with sufficiency, to articulate the factual determinations and legal standards that inform the action taken. Holy Name Hosp. v. Health Care Admin. Bd., supra, 258 N.J.Super at 415-16, 609 A.2d 1305; In re Valley Hosp., supra, 240 N.J. Super. at 308-11, 573 A.2d 203. Doing so "prevent[s] judicial usurpation of administrative functions,... help[s] parties plan their cases for rehearing and for judicial review, and ... keep[s] administrative agencies within their jurisdiction." Valley, 240 N.J. Super. at 306, 573 A.2d 203.
Our reviews of the administrative decisions in the Holy Name and Valley cases were more limited in scope than the review we are called upon here to provide. In Holy Name, we reviewed only the denial of a certificate of need by the HCAB, no appeal having been taken from the Commissioner's grant of a competing application. In Valley, we reviewed only the grant of competing applications for certificates of need, no appeal having been taken from the denial of appellant's application. In this case, we are called upon to review a denial as well as two grants in the same batch.
*480 Notwithstanding the jurisdictional limitations on the scope of our reviews in Holy Name and Valley, we were required in both cases to address this administrative decision-making process as a whole because of its competitive nature. We have been given no basis to believe that the Commissioner's standards of review and decision are any different where a certificate of need application is granted than where a denial occurs. The same parties are affected and, given the requirements of N.J.A.C. 8:33-1.19(a), their applications must all be reviewed and decided in the same manner with reference to each other.
In Valley, we set out with substantial detail the Commissioner's responsibilities in determining which applications for a certificate of need are to be granted and which are to be denied, as well as how, generally, the decision should be articulated. We noted the various factors that should be considered, and explained that it was necessary for the Commissioner to treat, with specificity, the issues raised in every batch of applications. Over two years later, in Holy Name, we were constrained to note (258 N.J. Super. at 416, 609 A.2d 1305) that the Valley standards for decision had not been met, and we urged "a full reading" of the Valley case. Now, over two years after our decision in Holy Name, we are faced with an identical deficiency in a matter that involves both grants and a denial.
The decisional qualities described in Valley are essential to establish that the administrative choice to approve or disapprove was neither arbitrary, nor capricious, nor unreasonable. See Application of Howard Sav. Institution, 32 N.J. 29, 52, 159 A.2d 113 (1960). Although the type of articulation called for is vital for a qualitative and principled review of every administrative decision, it is especially important in a process that is competitive, i.e., where every ultimate decision made redounds directly to the benefit of one party in interest and to the detriment of another. Where an agency is called upon to choose from among competing applications, it must not only articulate, with clarity and substantial specificity oriented to the showings made in the application *481 process, the ways in which the successful applicants satisfy existing statutory and regulatory standards and the ways in which the unsuccessful applicants do not, In re Valley Hosp., supra, 240 N.J. Super. at 306, 573 A.2d 203; but it must also relate, with adequate particularity, the comparative evaluation of the applicants, based upon all of the criteria at issue, and articulate why certain applications, both with respect to singular aspects and on the whole, better satisfy the goals sought by the applicable statutes or regulations than do others.
Furthermore, where the Commissioner announces a particular policy determination, such as the level of need in the region  here, ninety-five new long-term care beds  and completes the certificate of need process with a considerable departure from that stated policy or its application  as here, by approving one proposal for ninety-five beds and another for an additional seventy beds  a fuller, substantive explanation is to be expected than was given to the parties here, that the two successful applicants received equal scores when the prioritization criteria were applied. See In re Valley Hosp., supra, 240 N.J. Super. at 310-11, 573 A.2d 203.
Additionally, where the Commissioner's action is at variance with the evaluations and recommendations of the LAB and SHPB which reviewed the applications in preliminary stages, there is an obligation to provide a fuller explanation for rejecting the appraisals and actions of those bodies than the mere statement that the prioritization criteria outweigh the recommendations. Id. at 311, 573 A.2d 203. Questions naturally arise when those applications most favorably reviewed by both the LAB and the SHPB are denied by the Commissioner, and those less approvingly assessed, or rejected, by the LAB and the SHPB are granted by the Commissioner. Such questions should be anticipated and addressed in substance and with adequate detail.
In sum, the parties are entitled to an articulated, "on the merits" assessment of their respective proposals including a particularized *482 explanation of the comparisons and choices made in the process. It appears that the prioritization criteria were adopted in order to bring a measure of objectivity to the certificate of need process, but mechanical application of such standards can be as arbitrary as a selection based upon no criteria at all.
The criterion relied on here for the Commissioner's denial of Arnold Walter's application appears to be one of mechanics rather than substance. It is insufficient as a rationale for denial without an accompanying explanation why failure to "provide documentation from area hospital discharge planners or other appropriate resources to show that there is a need of the magnitude that would warrant 20 percent of the proposed beds being dedicated for heavy care", reflects poorly on Arnold Walter's ability to provide the services at issue at least as efficiently and economically as competing applicants can. Without such an explanation, especially where the required information must have been available to the Commissioner from the department's own records in order to establish the level of need leading to a call for applications or, failing that, from other sources such as the competing applications, it appears that the stated reason for denial was arbitrary, i.e., "fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances or significance ...; decisive but unreasoned". Webster's New International Dictionary of the English Language 138 (2d ed. 1957). See also Worthington v. Fauver, 88 N.J. 183, 204, 440 A.2d 1128 (1982); Bayshore Sewerage Co. v. Department of Environmental Protection, 122 N.J. Super. 184, 199-200, 299 A.2d 751 (Ch.Div. 1973), aff'd o.b. 131 N.J. Super. 37, 328 A.2d 246 (App.Div. 1974). The reason stated was manifestly inadequate as the only basis for distinguishing between the applications.
The Commissioner's review of certificate of need applications must embody detailed, expert, genuinely evaluative and comparative assessment of all the important elements of each application, of each application on the whole, and of all the *483 applications together. Holy Name Hosp. v. Health Care Admin. Bd., supra, 258 N.J. Super. at 416, 609 A.2d 1305. It is clear that such an evaluation entails the use of both normative standards and discretionary professional judgment. It is essential that the particulars of both types of appraisal be articulated.
Ordinarily, for many very good reasons, we are obliged to defer to the Commissioner's expertise and policy judgment in matters such as these, ibid.; but we are also entrusted with the responsibility of determining on the appeal of a party in interest whether such administrative actions were arbitrary, capricious or unreasonable, or whether they may be sustained as determinations properly made. It is a function we are unable to perform in the absence of a particularized and detailed articulation of the Commissioner's assessment of the salient features of each application, how the various applications compare to each other, and how each serves or fails to serve public health needs as expressed by the Legislature and in effecting regulations. Id. at 417, 609 A.2d 1305. Standing alone, without elaboration, the explanations embodied in the Commissioner's decision letters to each of the parties before us, provide inadequate insight into the objective aspects of the process and no insight at all into its judgmental features. Lacking these, they appear facially to be without adequate factual and policy basis; therefore, by definition, satisfying the predicates for a successful challenge.
Accordingly, the approvals and disapprovals at issue here are vacated and the matter is remanded for reconsideration and fuller explication of the reasons for decision. Although we have no jurisdiction to order the Commissioner to reconsider the Hazlet application as well as those of the parties before us, we suggest, given the nature of this certificate of need process, that that matter be reconsidered as well, and we recommend that the Commissioner recall the matter from the Office of Administrative Law for that purpose.
Reversed and remanded.