793 A.2d 10 (2002)
349 N.J. Super. 16
ATLANTIC CITY MEDICAL CENTER, Chilton Memorial Hospital, Elizabeth General Medical Center, Hackettstown Community Hospital, Hospital Center at Orange, Palisades General Hospital, St. Francis Hospital-Jersey City, St. Francis Medical Center-Trenton, St. Mary Hospital-Hoboken, St. Mary's Hospital-Passaic, St. Peter's Medical Center, United Hospitals Medical Center, University of Medicine & Dentistry of New Jersey-University Hospital and Zurbrugg Memorial Hospital, Appellants,
v.
Karen I. SQUARRELL, as Acting Director of the Division of Medical Assistance and Health Services, Department of Human Services, Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted September 17, 2001.
Decided February 22, 2002.
*11 Reed Smith Shaw & McClay, attorneys for appellants Atlantic City Medical Center, Chilton Memorial Hospital, Elizabeth General Medical Center, Palisades General Hospital, St. Francis Hospital-Jersey City, St. Francis Medical Center-Trenton, St. Mary Hospital-Hoboken, St. Mary's Hospital-Passaic, United Hospitals Medical Center and University of Medicine and Dentistry (Murray J. Klein, Princeton, and Calvin A. Jones, of counsel; Steven M. Ziolkowski and Jennifer L. Schwartz, on the brief).
Kalison, McBride, Jackson & Murphy, Liberty Corner, attorneys for appellants Hackettstown Community Hospital, Hospital Center at Orange, St. Peter's Medical Center[1] and Zurbrugg Memorial Hospital (Michael J. Kalison, of counsel; James V. Hetzel and Joseph G. Glazer, on the brief).
*12 John J. Farmer, Attorney General, and Phyllis D. Thompson and Salvatore G. Rotella, Jr. (Covington & Burling) of the D.C. Bar, admitted pro hac vice, attorneys for respondent Division of Medical Assistance and Health Services (Mary F. Rubinstein, Deputy Attorney General, Ms. Thompson and Mr. Rotella, Jr. on the brief).
Before Judges SKILLMAN, WALLACE, Jr. and CARCHMAN.
The opinion of the court was delivered by WALLACE, Jr., J.A.D.
Appellants, Atlantic City Medical Center, Chilton Memorial Hospital, Elizabeth General Medical Center, Hackettstown Community Hospital, Hospital Center at Orange, Palisades General Hospital, St. Francis Hospital (Jersey City), St. Francis Medical Center (Trenton), St. Mary Hospital (Hoboken), St. Mary's Hospital (Passaic), St. Peter's Medical Center, United Hospitals Medical Center, University of Medicine and Dentistry of New Jersey-University Hospital, and Zurbrugg Memorial Hospital (collectively hospitals or appellants) [2] appealed separately to the Department of Human Services, Division of Medical Assistance and Health Services (the Division), alleging the Division improperly calculated the amount of the respective hospitals' Medicaid inpatient rate effective January 31, 1997. The Division denied the appeals on August 15, 1997, asserting that the appeals contained issues that were not calculation errors within the intent of N.J.A.C. 10:52-9.1(a), but rather objections to the Division's interpretation of its regulations which required timely rate appeals in accordance with N.J.A.C. 10:52-9.1(b). Further, to the extent mechanical computation errors were identified, the Division claimed the errors were either insubstantial, or it disagreed with the hospitals' assertions. Appellants' requests to transfer their appeals to the Office of Administrative Law (OAL) for administrative hearings were denied, as were their motions to expand the record on appeal.
In this appeal, appellants argue the Division: (1) arbitrarily decided that the appeals must be brought as rate appeals requiring appellants to prove that they suffered a marginal loss in providing services to Medicaid patients; (2) arbitrarily refused to correct certain calculation errors; (3) committed errors of a substantial nature in calculating appellants' Medicaid rate schedules; and (4) arbitrarily refused to transfer the appeals to the OAL for administrative hearings where a full record could be created for appellate review. The group hospitals also assert that the Division arbitrarily failed to make findings of fact and to provide reasons for its decisions. We remand for further proceedings.
Pursuant to the Medicaid Program[3], 42 U.S.C.A. § 1396 et seq., the federal government is authorized to provide financial support to a state that provides medical assistance to qualified persons. If a state elects to participate in the *13 program, the state must comply with federal laws and regulations. See Elizabeth Blackwell Health Ctr. for Women v. Knoll, 61 F.3d 170, 172 (3rd Cir.1995), cert. denied, 516 U.S. 1093, 116 S.Ct. 816, 133 L.Ed.2d 760 (1996).
The Division is the agency responsible for administering the New Jersey Medicaid Program. N.J.S.A. 30:4D-4. The Division is authorized to issue regulations and administrative orders to effectuate the Medicaid Program. N.J.S.A. 30:4D-5, -7. Under the present regulatory scheme, the Division establishes an individual rate schedule at least once a year for each hospital participating in the Medicaid Program. N.J.A.C. 10:52-5.1 to 5.17. If a hospital disputes its rate schedule, it may file an appeal with the Division. N.J.A.C. 10:52-9.1. The appeal may involve a claim that the Division made calculation errors, or that the rates failed to provide adequate compensation for the hospital's costs in providing for Medicaid recipients. N.J.A.C. 10:52-9.1(a),(b). If the rate appeal is for a calculation error, the hospital must file its appeal "within 15 working days of receipt of the Proposed Schedule of Rates." N.J.A.C. 10:52-9.1(a). If the rate appeal is for inadequate compensation for the care of Medicaid recipients, the appeal must be filed within twenty days after publication of the rates, and the documentation supporting the appeal must be filed within an additional sixty-day period. N.J.A.C. 10:52-9.1(b). For a successful appeal regarding inadequate compensation, the hospital must demonstrate that it would sustain "a marginal loss in providing inpatient services to Medicaid recipients at the rates under appeal even if it were an economically and efficiently operated hospital." N.J.A.C. 10:52-9.1(b)(2).
Upon receipt of a hospital appeal, the Division reviews the hospital's submission and issues a written decision. If the hospital disagrees with the Division's decision, it may request a hearing before an Administrative Law Judge (ALJ). If the matter is submitted to an ALJ, the Director of the Division will then adopt, modify or reject the decision of the ALJ. Any further appeal is to the Appellate Division of the New Jersey Superior Court. N.J.A.C. 10:52-9.1(d).
With this background we turn to the particulars of this appeal. In January 1997, the Division issued rate schedules to all New Jersey hospitals participating in the Medicaid program. In February 1997, appellants applied to the Division for correction of their January 1997 Medicaid rates. Appellants objected to the manner in which the Division calculated their Medicaid rates, and to specific calculations of the DRG's[4] that the Division relied upon in establishing each hospital's Medicaid rate.
The Division rejected each appeal for substantially the same reasons. Specifically, the Division explained:
To demonstrate a calculation error, a hospital must submit information as to exactly how the Division made an error in the mechanical computation of the rates.
Your letter contained issues that are not calculation errors but rather objections in the [Division's] interpretation of its regulations. Requests for rate relief from the Division interpretation of the regulations must be pursued in a timely rate appeal in accordance with N.J.A.C. 10:52-9.1(b).

*14 Your letter also contained the following issue that does identify an alleged mechanical computation error.
 House Staff Adjustment. There was a calculation error regarding this issue. However, an adjustment is not necessary since the error is not of substantial value.
Each mechanical computation issue was reviewed, verified and reconciled to the appropriate source. [The Division] has determined that the above issues were calculated in accordance with Medicaid regulations, N.J.A.C. 10:52. Therefore, an adjustment to your Medicaid inpatient rates of October 1, 1996 is not necessary.
The Division also informed each hospital that its decision was a final administrative decision and that judicial review was available before the Appellate Division. Following the Division's rejection, the hospitals separately requested hearings before an ALJ but the Division refused to transmit the cases to the OAL.[5] These appeals followed.
Initially, we note it is firmly established that we have a limited role in reviewing the decision of an administrative agency. In re Taylor, 158 N.J. 644, 656, 731 A.2d 35 (1999). We will not reverse an agency decision unless it is arbitrary, capricious or unreasonable, or is not supported by credible evidence in the record. Brady v. Board of Review, 152 N.J. 197, 210, 704 A.2d 547 (1997). Further, the decision of an administrative agency carries with it a presumption of reasonableness. Smith v. Ricci, 89 N.J. 514, 525, 446 A.2d 501, appeal dism'd, 459 U.S. 962, 103 S.Ct. 286, 74 L. Ed.2d 272 (1982). We may not vacate an agency determination because of doubts as to its wisdom or because the record may support more than one result. See Henry v. Rahway State Prison, 81 N.J. 571, 579-80, 410 A.2d 686 (1980); Brady, supra, 152 N.J. at 210, 704 A.2d 547. Although our scope of review of an agency decision is circumscribed, it is "`not simply a pro forma exercise in which [the court] rubber stamp[s] findings that are not reasonably supported by the evidence.' " In re Taylor, supra, 158 N.J. at 657, 731 A.2d 35 (quoting Chou v. Rutgers, State Univ., 283 N.J.Super. 524, 539, 662 A.2d 986 (App.Div.1995), certif. denied, 145 N.J. 374, 678 A.2d 714 (1996)).
Moreover, the agency's interpretation and implementation of a statute it is responsible for enforcing and its interpretation of its own regulations are entitled to great weight. In re Pub. Serv. Elec. & Gas Co., 167 N.J. 377, 384, 771 A.2d 1163 (2001). Despite this deference, however, we are not bound by the agency's interpretation of a statute or its own regulation, or its determination of a strictly legal issue. In re Taylor, supra, 158 N.J. at 658, 731 A.2d 35.
With these principles in mind, we address appellants' arguments. Appellants urge that the Division was arbitrary in requiring any challenge to the manner in which the Division interpreted its regulations to proceed through the rate appeal process. Specifically, appellants argue they should not be required to show a marginal loss as required in a rate appeal in order to challenge whether the Division properly followed its regulations.
As noted above, the Division rejected appellants' calculation error appeals on two grounds: (1) that any mechanical calculation errors were insubstantial and did *15 not entitle the hospitals to additional reimbursement; and (2) that appellants' other claims of error involve the Division's "interpretation of its regulations" and may not be raised in a calculation appeal. Further, the Division informed appellants that "[r]equests for rate relief from [its] interpretation of the regulations must be pursued in a timely rate appeal in accordance with N.J.A.C. 10:52-9.1(b)." Appellants make a strong argument that the Division's position requires a hospital challenging the interpretation of a regulation to demonstrate that its Medicaid reimbursement rate resulted in a marginal loss. On its face, the position of the Division appears to be an arbitrary one.
However, in its brief in this appeal, the Division no longer appears to assert this position. Rather, the Division argues:
any hospital participating in the New Jersey Medicaid program may challenge, through a calculation-error appeal under N.J.A.C. 10:52-9.1(a), a failure by the Division to adhere to its rate-setting regulations. "`The Department does not require a full rate review to correct a calculation error.'" 25 N.J.R. 2561 (1993). Likewise, the Division's regulations do not require a hospital seeking relief for a calculation error under section 9.1(a) to demonstrate a marginal loss or to make any showing about hospital efficiency or hospital operations. Compare N.J.A.C. 10:52-9.1(a) with N.J.A.C. 10:52-9.1(b).
The Division further argues:
What the appellants actually appear to be complaining of is the fact that there is no formal administrative rate review or appeal procedure available to a hospital that does not agree with one or more aspects of the Division's Medicaid rate-setting methodology. That, however, does not state a cause of action. Instead, it is the result of the flexibility that federal law affords states that participate in the Medicaid program to determine for themselves which issues are appropriate rate appeal issues. As noted above, the relevant federal regulation provides that the state agency administering a Medicaid program "must provide an appeals or exception procedure that allows individual providers an opportunity to submit additional evidence and receive prompt administrative review, with respect to such issues as the agency determines appropriate, of payment rates." 42 C.F.R. § 447.253(e) (emphasis in brief) (footnote omitted).
The Division then concludes that consistent with state and federal law:
the Division's determination not to permit hospitals to bring challenges to the rate-setting methodology, or to the Division's interpretation of its rate-setting regulations, through a rate-calculation error appeal was unquestionably lawful.
Unfortunately, we are not clear what position the Division is asserting in these appeals. If the Division is arguing that any alleged error in the interpretation or application of its regulation is not reviewable at all, either in a calculation error appeal or a rate appeal, we cannot agree. "It is firmly established in this State that administrative agencies' procedures are subject to judicial review and supervision to assure fairness in the administration process." Hospital Ctr. at Orange v. Guhl, 331 N.J.Super. 322, 333, 751 A.2d 1077 (App.Div.2000). On the other hand, if the Division is arguing that it reviewed appellants' arguments relating to the application and interpretation of the regulations and those arguments are without merit, this record is too sparse to evaluate that determination.
The final decisions of the Division gave no indication that it considered the merits *16 of the arguments relating to the interpretation of its regulations. More importantly, the Division provided no reasons for its decisions that appellants' asserted errors are not calculation errors, and that the requests for rate relief from the Division's interpretation of its regulations must be pursued as a rate appeal pursuant to N.J.A.C. 10:52-9.1(b). In order for a fair review of whether the Division acted appropriately in rejecting appellants' contentions, we must have a clear statement from the Division as to the basis of its decisions. See St. Vincent's Hosp. v. Finley, 154 N.J.Super. 24, 30, 380 A.2d 1152 (App.Div.1977). That was not done here. Consequently, we are unable to undertake a meaningful review of the issues on appeal.
Appellants' other principal argument is that the Division arbitrarily rejected its claims of mechanical calculation errors. In particular, Zurbrugg contends the Division arbitrarily rejected some of its claimed calculation errors because they were of an insubstantial nature. Zurbrugg claims the Division miscalculated three particular components of its rate: (1) the labor proxy, (2) the TEFRA update; and (3) the Graduate Medicaid Education.
Here, again the Division failed to explain why the asserted calculation errors were either not errors, or if error, why the error was deemed not to be of "substantial value." It is unclear which of the many purported calculation errors raised by the hospitals were considered by the Division to be differences in interpretation, and which were considered to be insubstantial. The summary statements set forth in the Division's decisions were clearly inadequate.
Finally, we note that Zurbrugg also argues that an administrative hearing is warranted to address the errors committed by the Division. As noted above, if a hospital is dissatisfied with the Division's written determination regarding a requested rate adjustment, N.J.A.C. 10:52-9.1(d) provides that the hospital may request an administrative hearing pursuant to N.J.A.C. 10:4-10. This latter provision provides that a hearing may be granted to "any provider requesting a hearing on any valid complaint or issue arising out of the Medicaid claim payment process." N.J.A.C. 10:4-10.
We recognize that in light of the sparse record, and the complicated nature of these issues, these cases may be good candidates for administrative hearings which would aid the disposition of any decision. However, in light of our remand, it is premature to address this issue at this time.
We reverse and remand the final decisions to the Division to make adequate findings of fact and conclusions of law for each of the asserted claims of error, and to determine anew if any rate adjustments are warranted[6].
We do not retain jurisdiction.
NOTES
[1] St. Peter's Medical Center did not file a separate brief, but joins in the brief of the other appellants.
[2] All appellants except Hackettstown Community Hospital, Hospital Center at Orange, St. Peter's Medical Center and Zurbrugg Memorial Hospital (Zurbrugg) are represented by the same counsel and filed a single joint brief. We will use the term "group hospitals" when we refer to all hospitals except Zurbrugg. When we discuss Zurbrugg's separate arguments, we will refer to Zurbrugg.
[3] For a more comprehensive overview of the background of the Medicaid Program, see United Hosps. Med. Ctr. v. State of New Jersey, 349 N.J.Super. 1, 793 A.2d 1 (App.Div.2002), filed simultaneously with this opinion.
[4] DRG's stand for Diagnosis Related Groupings. DRG's are specified diagnostic categories for which hospitals receive a predetermined fixed amount for inpatient services.
[5] The Division maintains in its brief that it refused to do so because the hospitals' calculation error appeals did not constitute contested cases as defined in N.J.S.A. 52:14B-2(b).
[6] We reach this same result in nine other unpublished decisions, which were filed simultaneously with this decision. See Cathedral Healthcare Sys. v. Squarrell, No. A-139-97T3 (App.Div. February 22, 2002); Cathedral Healthcare Sys. v. Squarrell, No. A-290-97T3 (App.Div. February 22, 2002); Atlantic City Med. Ctr. v. Squarrell, No. A-638-97T3 (App.Div. Feb. 22, 2002); St. Peter's Med. Ctr. v. Squarrell, No. A-1935-97T3 (App.Div. February 22, 2002); Elizabeth Gen. Med. Ctr. v. Squarrell, No. A-2047-97T3 (App.Div. February 22, 2002); Atlantic City Med. Ctr. v. Murray, No. A-2201-98T3 (App.Div. February 22, 2002); Atlantic City Med. Ctr. v. Murray, No. A-400-99T3 (App.Div. February 22, 2002); Barnert Hosp. v. Murray, No. A-1210-00T3 (App.Div. February 22, 2002); and Atlantic City Med. Ctr. v. Murray, No. A-1170-00T3 (App.Div. February 22, 2002).