THOMAS J. YANUZZI AND GEORGE A. COSTELLO, PLAIN-
TIFFS-APPELLANTS, v. THE MAYOR AND COUNCIL OF
THE BOROUGH OF SPRING LAKE, *ET AL.*, DEFEND-
ANTS-RESPONDENTS.

Argued October 22, 1956—Decided November 19, 1956.

Mr. *Milton J. Lesnik* argued the cause for appellants (*Messrs. Lesnik & Amoscato,* attorneys).

Mr. *Gilbert H. Van Note* argued the cause for respondents.

PER CURIAM. There was summary judgment for defendants in this proceeding in lieu of the prerogative writ of *mandamus,* to compel the installation of "water and sewer mains at the Borough's expense" for the servicing of Yanuzzi's vacant land on the westerly side of Monroe Avenue, and Costello's vacant land on the easterly side of Third Avenue, in Spring Lake.

The complaint alleges, in separate counts, that Yanuzzi and Costello are severally "being deprived" of water and sewer facilities because neither Monroe Avenue nor Third Avenue has the "necessary water and sewer mains"; and that Yanuzzi had proposed, in the alternative, that he "be permitted to tap the sewer and water lines already in existence on South Boulevard, the closest and only sewer and water lines available, by means of an easement, which plaintiff could create in perpetuity over the westerly side" of the adjacent lot now owned by him, all of which had been refused; and that the "sewer and water system(s)" are "owned and operated by the Borough at general public expense."

At the outset, the landowners' demands were rejected by a resolution of the governing body declaring that they "may run the water and sewer mains in front of their [respective] properties," "at their entire cost and at no cost to the Borough," but according to the borough's "specifications" and under its "supervision"; and also that, in the case of

Yanuzzi, it was "contrary to their policy to permit such an easement." But later on, May 6, 1956, Costello was advised by the borough's attorney that his application "for extension of water service will probably be granted subject to the availability of funds for the purpose, and that the same situation obtains regarding sewer extension, except that the sewer will be at the expense of the properties benefitted and not as a general improvement."

When it was found on the oral argument that the parties were not altogether in disagreement as to relevant matters not encompassed by the record, the court suggested that they stipulate the facts no longer in dispute and set down the things bearing upon any issue remaining unsettled; and the result was a concession by the borough that, in keeping with prior practice, the water mains would be provided at the expense of the borough, and the cost included in its 1957 budget, thereby closing this controversy.

But there was no agreement in respect of the sewer mains. The borough contends that the "extensions of the sewer system have been, without exception, made at the expense of the property owner or owners benefitted, either by the installation and payment for such extensions by the property owner under the supervision and pursuant to specifications by the Borough, by installation by the Borough upon agreement by the owner or owners to pay for the improvement or by special assessment against the properties benefitted."

Plaintiffs, on the other hand, insist that the borough (this also from the stipulation adverted to) is "required to pay the initial cost of the installation of the water and sewer mains," but they deny that they are seeking to avoid "any expense for the initial installation of sewer mains," declaring that they "merely contend that the initial cost of installation is to be paid for by the defendants and that the defendants may then determine whether they wish to pay for said installation itself, or assess the cost for the same against the properties benefitted thereby," and acknowledging that "an assessment for sewer lines may be made if such action constitutes equal treatment to all taxpayers

in the same class and under the same terms and conditions," but reserving "the right to ascertain the validity of any municipal action in this regard."

A later oral presentation revealed that there are factual issues as to the general policy and practice of the borough in providing sewer-main extensions in like circumstances, the use of easements in private property to that end, and the particular local need in relation to the surroundings and the municipal boundary line, all of which remain to be resolved in the determination of what would constitute a fair and reasonable exercise of governmental discretion.

Indeed, the judgment for defendants proceeds on the hypothesis that the pleaded right of action was lost by the operation of the limitation clause of *R. R.* 4:88-15(*a*).

But plaintiffs are seeking to enforce as landowners an asserted right to local services * * * a continuing right, if there be a right at all, enforceable by the constitutionally-secured proceeding in lieu of the prerogative writs; and the right is not lost by a failure of such judicial action within 30 days from the local authority's mere refusal to act. This is not a proceeding to "review" formal action by the governing body, but rather for "relief" by way of the prerogative writ in the nature of *mandamus,* to command performance of what is deemed to be an enforceable governmental duty. It is not within either the letter or the spirit of the cited rule. The subsequent specific enumerations of the rule itself resolve all doubt on this score.

The judgment is accordingly reversed; and the cause is remanded for further proceedings in conformity with this opinion.

*For reversal and remandment*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING and JACOBS—5.

*For affirmance*—None.