242 N.J. Super. 519 (1990)
577 A.2d 845
TOLL BROTHERS, INC., PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION, DEFENDANT-RESPONDENT, AND MERCER COUNTY PLANNING BOARD, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1990.
Decided July 11, 1990.
*522 Before Judges MUIR, Jr. and SKILLMAN.
Thomas F. Carroll, III, argued the cause for appellant (Hill, Wallack & Masanoff, attorneys; Thomas F. Carroll, on the brief).
Stuart J. Lieberman, Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General, attorney; Michael R. Clancy, Assistant Attorney General, of counsel; Stuart J. Lieberman, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
On May 1, 1985, the Chairperson of the Washington Township Planning Board (Township Planning Board) sent a letter to the Chairperson of the Mercer County Planning Board (County Planning Board) notifying her that the Township Planning Board had adopted a new master plan which included a recommendation that the sewer system be expanded. The letter urged the County Planning Board to adopt the recommended sewer expansion as a part of the county's "208 Water Quality Management Plan Amendment." The letter further stated that adoption of this proposal would allow the "prior approved projects" of certain builders to "move forward." Plaintiff Toll Brothers, Inc. was apparently one of those builders.
*523 On September 3, 1985, Mercer County transmitted an amendment to its Water Quality Management (WQM) Plan, providing for expansion of the sewer service area in Washington Township, to defendant Department of Environmental Protection (DEP) for approval.
On November 4, 1985, DEP published notice of the proposed amendment in the New Jersey Register. 17 N.J.R. 2689. The notice stated that interested parties would have 30 days within which to submit written comments and to request the scheduling of a nonadversarial hearing.
In December 1985 DEP adopted the Statewide WQM Program Plan. 18 N.J.R. 110. This plan, among other things, required the adoption of a county Wastewater Management Plan (WMP) as a precondition of DEP approval of any significant change in a sewer service area. Given this new requirement as well as the demands of various other Mercer County municipalities for amendments in its WQM Plan, the Director of Mercer County's WQM program indicated to DEP that the county anticipated preparing a comprehensive county-wide WMP in lieu of processing individual amendments for all of the municipalities in the county. To that end, the county requested DEP to postpone a final decision on Washington's proposed plan amendment. This postponement was agreed to by Washington Township and the amendment was deactivated. However, the deactivation of the plan amendment relating to the sewer service area in Washington Township apparently was not communicated to affected parties such as plaintiff.
Mercer County never submitted a county-wide WMP to DEP in accordance with the statewide plan adopted in December 1985. It also never requested DEP to reactivate the plan amendment relating to the sewer service area in Washington Township.
On March 31, 1988, plaintiff filed an application for preliminary subdivision approval. The Township Planning Board approved the subdivision application for 93 lots, subject to the *524 condition that plaintiff's property be included within the Section 208 sewer service area. But the County Planning Board denied the application on May 10, 1989 on the ground that plaintiff's property is beyond the current sewer service area.
On May 16, 1989, plaintiff's counsel sent a letter to DEP requesting the agency to approve Mercer County's 1985 application to amend its WQM plan relating to Washington Township.
On June 6, 1989, the Chief of the Wastewater Planning Section of the Bureau of Water Quality Planning sent a reply to plaintiff's counsel advising him that the county's plan amendment had been deactivated and that neither the county nor the township had ever requested that it be reactivated. The letter further noted that "[s]ince the amendment was deactivated, the WQM Plan amendment requirements have changed significantly, particularly with regard to the requirements for a WMP" and recommended that plaintiff "work with the township to develop a WMP that would address all of the wastewater needs of the Township."
On June 8, 1989, plaintiff filed suit against DEP and the Mercer County Planning Board.[1] The complaint alleged that DEP had a ministerial duty under N.J.A.C. 7:15-3.4c(4)(i)(2)[2] to act within 60 days upon any petition to amend a WQM plan. The complaint further alleged that DEP's failure to finally approve Mercer County's plan amendment did not substantially advance any legitimate public interest and regulated plaintiff's property into economic inutility without payment of just compensation, thereby violating plaintiff's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and the *525 New Jersey Constitution, Art. I, par. 1 and par. 20. Accordingly, plaintiff demanded judgment directing DEP to forthwith approve the 1985 plan amendment, thereby including plaintiff's property within the township's sewer service area. In addition, plaintiff demanded an award of "just compensation" for the deprivation of its property rights.
Plaintiff and DEP filed cross motions for summary judgment. The trial court determined that plaintiff's complaint had been filed beyond the 45-day limit permitted by R. 4:69-6(a) and R. 2:4-1(b) and therefore entered judgment in favor of DEP.
We conclude that plaintiff's complaint was not time-barred. However, we further conclude that the complaint is without merit and therefore affirm the judgment in favor of DEP.

I
The trial court held that plaintiff's action was time-barred because not filed within the 45-day period permitted by R. 4:69-6(a) and R. 2:4-1(b).
Preliminarily, we note that R. 4:69-6(a) is inapplicable, because DEP is a state agency whose actions are properly reviewable by this court pursuant to R. 2:2-3(a)(2) and not the Law Division. See Pascucci v. Vagott, 71 N.J. 40, 51-54, 362 A.2d 566 (1976); Equitable Life Mortgage & Realty Investors v. Div. of Taxation, 151 N.J. Super. 232, 237-238, 376 A.2d 966 (App.Div. 1977), certif. den. 75 N.J. 535, 384 A.2d 514 (1977).[3]
*526 To determine whether plaintiff's action was filed beyond the time limit for an appeal to this court, it is appropriate to review briefly the statutory and regulatory framework under which the DEP processes and approves WQM plan amendments. Section 208 of the Federal Clean Water Act, 33 U.S.C. § 1251 et seq., requires each state to provide for areawide waste treatment management plans. This is done in New Jersey under the regulation of DEP pursuant to the Water Quality Planning Act, N.J.S.A. 58:11A-1 et seq. Under that act, designated water treatment management planning areas, usually counties, must submit plans to the DEP for approval. N.J.S.A. 58:11A-4, -5 and -10. These plans, and amendments thereto, are referred to as "208" plans. In accordance with N.J.S.A. 58:11A-10, DEP may not make any grants for construction of publicly owned treatment works or grant any permit which is in conflict with an adopted areawide plan. Pursuant to N.J.A.C. 7:15-3.4(b), designated planning agencies are authorized to petition the DEP to amend the statewide plan. Following a county's filing of an amendment petition, the DEP is required to make a preliminary decision within a reasonable period of time based upon a complete review of the case file, the recommendation of the DEP's Division of Water Resources, Bureau of Planning and Standards, and any other pertinent information. N.J.A.C. 7:15-3.4(c)(4). Following the DEP's preliminary approval, a public notice of the plan amendment request has to be published. N.J.A.C. 7:15-3.4(c)(4).
Written comments concerning the amendment request can be forwarded by interested parties within thirty days of the date of the notice. N.J.A.C. 7:15-3.4(c)(4)(i)(1). Parties can request a non-adversarial public hearing and, if the DEP decides that there is significant interest, a public hearing can be held. N.J.A.C. 7:15-3.4(c)(4)(i)(2). The regulations further provide *527 that if no public hearing is held, the DEP "shall render a final decision on the amendment within sixty (60) days." Id.
We have no doubt that the adoption of areawide WQM plans and amendments thereto constitutes quasi-legislative rule-making. An "administrative rule" is any "agency statement of general applicability and continuing effect that implements or interprets law or policy, or describes the organization, procedure or practice requirements of any agency." N.J.S.A. 52:14B-2(e). An agency determination must be considered an administrative rule when all or most of the relevant features of administrative rules are present and preponderate in favor of the rule-making process. Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 331, 478 A.2d 742 (1984). This conclusion is warranted
if it appears that the agency determination, in many or most of the following circumstances, (1) is intended to have wide coverage encompassing a large segment of the regulated or general public, rather than an individual or a narrow select group; (2) is intended to be applied generally and uniformly to all similarly situated persons; (3) is designed to operate only in future cases, that is, prospectively; (4) prescribes a legal standard or directive that is not otherwise expressly provided by or clearly and obviously inferable from the enabling statutory authorization; (5) reflects an administrative policy that (i) was not previously expressed in any official and explicit agency determination, adjudication or rule, or (ii) constitutes a material and significant change from a clear, past agency position on the identical subject matter; and (6) reflects a decision on administrative regulatory policy in the nature of the interpretation of law or general policy. [Id. at 331-332, 478 A.2d 742].
All of these criteria of rule-making apply to the adoption of WQM plans and amendments thereto. These plans govern sewer service within a large area affecting many property owners and other members of the public; apply generally and uniformly within the area; operate prospectively; provide legal directives regarding access to sewer services that are not otherwise expressly provided by or clearly inferable from the enabling legislation; reflect in the case of a plan amendment a material and significant charge from a clear past agency position as to the parameters of the sewer service area and constitute *528 an interpretation or application of general administrative regulatory policy.
Since the adoption of an amendment to a WQM plan constitutes rule-making, the 45 day limit on appeals from final decisions or actions of state administrative agencies established by R. 2:4-1(b) would appear to be inapplicable. See Bergen Pines Hospital v. Dept. of Human Services, 96 N.J. 456, 471 n. 10, 476 A.2d 784 (1984) ("Generally the 45-day time limitation does not apply to an attack on the validity of a rule."); see also Pressler, Current N.J. Court Rules, Comment to R. 2:4-1.
Furthermore, even if the adoption of a WQM plan amendment were considered to be "adjudicative rulemaking" and the 45-day limit on administrative appeals were held to be applicable to such rulemaking, see Bergen Pines Hospital v. Dept. of Human Services, supra, 96 N.J. at 471 n. 10, 476 A.2d 784, we would still conclude that plaintiff's challenge to that administrative agency action was not time-barred. The 45-day time limit for appeal provided by R. 2:4-1(b) does not begin to run until "the date of service of the decision or notice of the action taken." Since it is undisputed that notice of the deactivation of Mercer County's proposed plan amendment was not received by plaintiff until June 6, 1989, plaintiff's time for challenging this administrative action accrued at the earliest on that date. See DeNike v. Board of Trustees, Employees Retirement System of New Jersey, 34 N.J. 430, 435, 170 A.2d 12 (1961) ("For a State administrative agency to gain repose from an appeal by virtue of the elapse of time from a decision or action it must give the party sought to be bound unmistakable written notice of the finality of the decision or action.").
Finally, even if plaintiff's complaint were viewed as an action to compel action by DEP on Mercer County's plan amendment proposal, plaintiff would have a continuing right to seek legal recourse so long as the agency failed to act. See Yanuzzi v. Mayor & Council of Spring Lake, 22 N.J. 567, 126 A.2d 873 (1956), in which the court held that the time constraints *529 for bringing actions in lieu of prerogative writs do not apply where it is alleged that the public body has a continuing duty to perform a governmental obligation. Id. at 570, 126 A.2d 873. The Court stated:
But plaintiffs are seeking to enforce as landowners an asserted right to local services ... a continuing right, if there be a right at all, enforceable by the constitutionally-secured proceeding in lieu of the prerogative writs; and the right is not lost by a failure of such judicial action within 30 days from the local authority's mere refusal to act. This is not a proceeding to "review" formal action by the governing body, but rather for "relief" by way of the prerogative writ in the nature of mandamus, to command performance of what is deemed to be an enforceable governmental duty. It is not within either the letter or the spirit of the cited rule. The subsequent specific enumerations of the rule itself resolve all doubt on this score. [22 N.J. at 570, 126 A.2d 873].
Therefore, we conclude that the trial court erred in holding that this action is time-barred.

II
On the merits, plaintiff's primary argument is that DEP was required under its own regulations to act upon Mercer County's application to amend its WQM plan within 60 days and that DEP's failure to act within that time resulted in automatic approval of the plan amendment. However, there is no authorization in the Federal Clean Water Act, the New Jersey Water Quality Planning Act or the regulations adopted thereunder for the conclusion that DEP's failure to act upon an application to amend an areawide WQM plan results in automatic approval of that amendment.
The administrative regulation relied upon by plaintiffs is N.J.A.C. 7:15-3.4(c)(4)(i), which provides:
If the Commissioner makes a preliminary approval or approves the amendment request, then a public notice will be posted in the New Jersey Register and two appropriate newspapers.
(1) Interested parties may submit written comments to the BPS [Bureau of Planning and Standards] within 30 days of the date of the notice.
(2) Parties may also request in writing, that the Department hold a nonadversarial public hearing. If there is significant interest, as determined by the Department, in holding a public hearing, then a public hearing will be held 45 days after the public notice, and the public comment period will be extended for *530 15 days following the hearing. Following the notice or hearing, as appropriate, the Commissioner shall render a final decision on the amendment within 60 days.
This regulation is silent with respect to the consequence of DEP's failure to render a final decision within 60 days. Moreover, the requirement that DEP act within 60 days is derived solely from DEP's own regulations; neither the Federal Clean Air Act nor the New Jersey Water Quality Planning Act impose any time limit upon agency action. Consequently, we find no basis within this statutory and regulatory framework for concluding that DEP's failure to act upon a request for approval of an amendment to an areawide WQM plan results in automatic approval of the amendment.
The Legislature has provided in some limited circumstances that proposed administrative agency action shall be deemed approved upon the agency's failure to act. See, e.g., N.J.S.A. 52:14B-10(c). The intent of such provisions is "to thwart undue delay in agency action." King v. New Jersey Racing Commission, 103 N.J. 412, 419, 511 A.2d 615 (1986). However, because such provisions may result in administrative approval in circumstances where statutory and regulatory requirements have not been satisfied, "a statutory `automatic approval mechanism should be applied with caution.'" Id. at 422, 511 A.2d 615, quoting Aurentz v. Planning Bd. of Little Egg Harbor Tp., 171 N.J. Super. 135, 142, 408 A.2d 140 (Law Div. 1979); see also DiMaria v. Board of Trustees of P.E.R.S., 225 N.J. Super. 341, 345-349, 542 A.2d 498 (App.Div. 1988), certif. den. 113 N.J. 638, 552 A.2d 164 (1988); Belleville v. Coppla, 187 N.J. Super. 147, 151-152, 453 A.2d 1344 (App.Div. 1982).
The same considerations which have led our courts to apply statutory automatic approval provisions with caution lead us to conclude that agency inaction cannot result in automatic approval of proposed administrative agency action absent an express legislative directive to that effect. The Federal Clean Water Act and New Jersey Water Quality Planning Act are intended to further vital public interests in preventing the *531 degradation of our environment. The evident legislative intent was that areawide planning agencies and DEP would approve WQM plans only upon a showing that all statutory and regulatory requirements have been met. Therefore, we cannot assume that Congress or the New Jersey Legislature would have wanted such plans to be approved automatically simply by virtue of administrative delay, especially since an interested party can prevent undue delay simply by bringing an action to compel DEP to take action either approving or denying an application for a plan amendment. Cf. DiMaria v. Board of Trustees of P.E.R.S., supra, 225 N.J. Super. at 349 n. 3, 542 A.2d 498.[4]

III
Finally, we address plaintiff's argument that the trial court erred in dismissing counts V and VI of its complaint which seek "compensation for inverse condemnation" from DEP based upon its "failure to include the subject property within the sewer service area." Plaintiff does not cite any authority for the proposition that DEP's exercise of its regulatory responsibilities under the Water Quality Planning Act with respect to the delineation of sewer service areas can provide the basis for an inverse condemnation action. In any event, plaintiff has failed to avail itself of the opportunity provided by N.J.A.C. 7:15-3.4 to file its own application for a plan amendment. Even assuming DEP's denial of a plan amendment could provide the basis for an action for damages based on inverse condemnation, the exhaustion of such administrative remedies would be a prerequisite to the maintenance of such an action. See Paterson Redevelopment Agency v. Schulman, 78 N.J. *532 378, 384-388, 396 A.2d 573 (1979), cert. den. 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979).
Affirmed.
NOTES
[1] Plaintiff's claim against the County Planning Board, which was decided in favor of plaintiff, is not at issue in this appeal. Therefore, it is not discussed in this opinion.
[2] The DEP regulations were substantially revised on October 16, 1989. All references to the regulations in this opinion are to the regulations in effect in late 1985 and early 1986.
[3] We recognize that there is some authority for the view that the Law Division has jurisdiction where an action is brought to compel a state agency to perform a ministerial duty, see Colon v. Tedesco, 125 N.J. Super. 446, 311 A.2d 393 (Law Div. 1973), or where an administrative agency acts other than in a quasi-legislative or quasi-judicial capacity, see Montclair Tp. v. Hughey, 222 N.J. Super. 441, 537 A.2d 692 (App.Div. 1987). However, as set forth later in this opinion, the administrative agency action challenged in this case is quasi-legislative in character and its performance is discretionary rather than ministerial. Therefore, neither of these exceptions to the exclusivity of this court's jurisdiction over challenges to the action of state administrative agencies could have any applicability to this case.
[4] Plaintiff does not contend that DEP's refusal in June 1989 to approve the plan amendment proposed by Mercer County in 1985 constituted an abuse of discretion. In any event, the record in this matter would be inadequate to make such a determination.