**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4263-18T3

IN THE MATTER OF THE
CIVIL COMMITMENT OF R.T.,
SVP-573-10.

Submitted March 17, 2020 – Decided March 27. 2020

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. SVP-573-10.

R.T., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Stephen J. Slocum, Deputy Attorney General, on the brief).

PER CURIAM

R.T. appeals pro se a Law Division order that denied his motion to change his status in the Special Treatment Unit (STU),[1] and an order that denied

_____

[1] The STU is a secure facility designated for the custody, care and treatment of sexually violent predators pursuant to the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38.

reconsideration.   On appeal, R.T. raises the following points for our consideration:

POINT I

THE CIVIL COMMITMENT COURT ERRED AND ABUSED ITS DISCRETION FOR NOT ORDERING REMOVING [SIC] R.T. FROM TREATMENT REFUSAL STATUS, [MODIFIED ACTIVITIES PROGRAM] (MAP) PLACEMENT WHEN IT DENIED R.T.'S MOTION FOR TREATMENT AND TRANSFER TO GENERAL POPULATION AND/OR FOR DISCHARGE.

POINT II

TRIAL COURT ABUSED ITS DISCRETION BY RELYING ON THE PRISON SETTINGS, AND THE STU IS A CIVIL FACILITY [SIC] VIOLATED R.T.'S RIGHTS UNDER THE SEXUALLY VIOLENT PREDATOR ACT AND UNDER N.J.A.C. 10:35 RESULTING [SIC] R.T.'S INABILITY TO RECEIVE TREATMENT WHEN HIS EXPERT'S REPORT STATED THAT HE DID NOT POSES [SIC] A "DANGER TO HIMSELF [SIC] TO OTHERS."

In his reply brief, R.T. further contends:

THE RESPONDENT'S LETTER BRIEF ON THE MERITS SHOULD BE REJECTED AS A MATTER OF LAW BASED ON APPELLATE BRIEF, APPENDIX AND THE FEDERAL COURT'S 10/31/19 OPINION AND ORDER.

We have reviewed the record in light of these contentions, and conclude they lack sufficient merit to warrant extended discussion in a written opinion.

2

R. 2:11-3(e)(1)(E). We affirm all issues R.T. raised before Judge Phillip Lewis Paley for the reasons set forth in his well-reasoned written decisions that accompanied the orders under review. We add only the following brief remarks.

We are thoroughly familiar with the facts and circumstances surrounding R.T.'s commitment to the STU, having previously affirmed the judgment committing him to the unit. See IMO Civil Commitment of R.T., No. A-2521-13 (App. Div. Feb. 19, 2016) (slip op. at 1-17). In the present matter, R.T. sought various relief in the Law Division, but he did not challenge his continued commitment.

Pertinent to this appeal, R.T. requested removal from MAP status – which he claimed interfered with his religious rights – and relocation from the South Wing to another wing of the STU. As Judge Paley aptly recognized, however, R.T.'s request was jurisdictionally defective for failure to exhaust his administrative remedies and seek review in our court from that determination. See, e.g., Hospital Ctr. at Orange v. Guhl, 331 N.J. Super. 322, 329 (App. Div. 2000) (recognizing the Appellate Division's exclusive jurisdiction of agency decisions). Nonetheless, in his initial decision and on reconsideration, the judge cogently rejected each argument on the merits. We discern no basis to disturb those determinations.

Finally, R.T.'s newly-minted argument that he is no longer a sexually violent predator under the SVPA was not raised before the trial court and, as such, we decline to address it on appeal. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). We simply note such contention is better addressed at an annual review hearing. See N.J.S.A. 30:4-27.35.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4263-18T3