**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2825-16T1

FRANK SALAS and JOAN SALAS,

     Plaintiffs-Respondents,

v.

STATE OF NEW JERSEY DEPARTMENT
OF ENVIRONMENTAL PROTECTION,

     Defendant-Respondent,

and

ASSOCIATION FOR GOVERMENTAL
RESPONSIBILITY, ETHICS AND TRANSPENCY,
JODY K. SOWELL, HARRY SOWELL, NANCY
BRADSHAW, HELENA LEONARD, GRAHAM
STARR and PATRICIA F. BURKE,

     Plaintiffs-Appellants,

v.

STATE OF NEW JERSEY DEPARTMENT
OF ENVIRONMENTAL PROTECTION,
DAVID B. FANZ, ASSISTANT DIRECTOR,
DIVISION OF LAND USE REGULATION
(in his individual and official capacities),
RYAN ANDERSON, SUPERVISOR,

ENVIRONMENTAL SPECIALIST 4, OF
THE BUREAU OF COASTAL REGULATION
(in his individual and official capacities), FRANK
SALAS and JOAN SALAS (as indispensable
parties),

      Defendants-Respondents.

_____

Argued September 25, 2018 – Decided October 30, 2018

Before Judges Yannotti, Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Law
Division, Ocean County, Docket Nos. L-1001-16 and
L-1753-16.

Donald F. Burke argued the cause for appellants (Law
Office of Donald F. Burke, attorneys; Donald F. Burke
and Donald F. Burke, Jr., on the briefs).

Ira E. Weiner argued the cause for respondents Frank
and Joan Salas (Beattie Padovano, LLC, attorneys; Ira
E. Weiner, on the brief).

Michael J. Schuit, Deputy Attorney General, argued the
cause for respondents New Jersey Department of
Environmental Protection, David B. Fanz and Ryan
Anderson (Gurbir S. Grewal, Attorney General,
attorney; Jason W. Rockwell, Assistant Attorney
General, of counsel; Michael J. Schuit, Deputy
Attorney General, on the brief).

PER CURIAM

     This appeal arises from orders entered by the Law Division in these
consolidated matters on January 20, 2017, and January 31, 2017, which denied

a motion by Donald F. Burke and Patricia K. Burke (collectively, Burke) to intervene and stay administrative proceedings before the New Jersey Department of Environmental Protection (NJDEP); denied a motion for summary judgment by Association for Governmental Responsibility, Ethics, and Transparency, Jody K. Sowell, Harry Sowell, Nancy Bradshaw, Helena Leonard, Graham Starr, and Patricia F. Burke (collectively, the Association); and granted the NJDEP's motion to dismiss the Association's complaint. We affirm.

## I.

Frank Salas and Joan Salas (collectively, Salas) are the owners of approximately .48-acres on Gale Road, in the Township of Brick, Ocean County. In 2002, Salas filed an application with the NJDEP pursuant to the Coastal Area Facility Review Act (CAFRA), N.J.S.A. 13:19-1 to -21, for a general permit (GP), which would allow the construction of a single-family home and driveway on the property. In December 2003, the NJDEP issued the GP, but required Salas to obtain a permit pursuant to the Freshwater Wetlands Protection Act (FWPA), N.J.S.A. 13:9B-1 to -30, to allow the filling of wetlands on the property.

In January 2004, Salas filed an administrative appeal challenging the condition the NJDEP placed on the GP. Salas also applied to the NJDEP for a letter of interpretation (LOI), to confirm the presence of freshwater wetlands or any transition area on the property. See N.J.S.A. 13:9B-8; N.J.A.C. 7:7A-4.2(c). In March 2004, the NJDEP issued the LOI to Salas, finding the property consisted of freshwater or tidal wetlands and an associated transition area. Salas filed an administrative appeal challenging the LOI determination.

The NJDEP referred the administrative appeals to the Office of Administrative Law (OAL) for a hearing before an Administrative Law Judge (ALJ). In November 2005, the ALJ issued an initial decision on the appeals. The ALJ concluded that the NJDEP's LOI determination was proper, and that the conditions the NJDEP imposed on the GP were appropriate. On December 29, 2005, the Commissioner of the NJDEP issued a final decision on the appeals, adopting the ALJ's initial decision.

In February 2008, Salas submitted an application to the NJDEP for a freshwater wetlands individual permit, and in October 2010, the NJDEP denied the application. Salas filed an administrative appeal from that decision, and the NJDEP referred the matter to the OAL for a hearing. Thereafter, Salas and the

NJDEP reached a settlement of the appeal, which was memorialized in a stipulation executed in December 2014.

The parties agreed the NJDEP would reconsider the application of the agency's regulatory standards to the subject property in order to address Salas's claim that the application of those standards resulted in a taking of property without just compensation. The FWPA provides in pertinent part that

> [i]f the court determines that the issuance, modification, or denial of a freshwater wetlands permit by the [NJDEP] pursuant to this act constitutes a taking of property without just compensation, the court shall give the department the option of compensating the property owner for the full amount of the lost value, condemning the affected property pursuant to the provisions of the "Eminent Domain Act of 1971," [N.J.S.A. 20:3-1 to -50], or modifying its action or inaction concerning the property so as to minimize the detrimental effect to the value of the property.

[N.J.S.A. 13:9B-22(b).]

The NJDEP has adopted a rule, which implements this provision of the FWPA, N.J.A.C. 7:7A-13.1. The rule was previously codified at N.J.A.C. 7:7A-17.1, but re-codified with certain changes at N.J.A.C. 7:7A-13.1, effective December 18, 2017. See 49 N.J.R. 834(a) (May 1, 2017); 49 N.J.R. 3849(a) (Dec. 18, 2017). The rule provides that that "[i]f the issuance, modification, or

denial of an individual freshwater wetlands permit would constitute a taking without just compensation," the agency may

> 1. [c]ompensate the property owner for the lost value of the property;
>
> 2. [c]ondemn the affected property pursuant to the Eminent Domain Act of 1971, N.J.S.A. 20:3-1 [to -50]; and/or
>
> 3. [r]econsider and modify its action or inaction concerning a permit so as to minimize the detrimental effect to the value of the property.
>
> [N.J.A.C. 7:7A-13.1(a).]

The NJDEP's rule also states that the agency may reconsider and modify a permitting action or inaction to minimize the detrimental effect such action or inaction may have on the value of the property, provided that

> 1. [t]he [NJDEP] has rendered a decision on a permit application under the rules in this chapter as strictly applied;
>
> 2. [a]ll administrative and judicial appeals of the permit decision have been concluded; and
>
> 3. [a]ny of the following requirements are met:
>
>> i. [a] court has determined that the issuance, modification, or denial of an individual freshwater wetlands permit would constitute a taking of property, and the property owner thereupon submits a request for a reconsideration and modification of the permit action or inaction;

ii. [a] takings complaint has been filed with the court or the court has determined that the issuance, modification or denial of the individual freshwater wetlands permit would constitute a taking of property, and the [NJDEP] initiates the reconsideration; or

iii. [t]he issuance, modification, or denial of an individual freshwater wetlands permit is for a single-family home or duplex and the [NJDEP] initiates the reconsideration prior to the filing of a takings complaint.

[N.J.A.C. 7:7A-13.1(b).]

The NJDEP and Salas agreed that the subject property consists entirely of freshwater and coastal wetlands and an associated transition area. The stipulation notes that Salas had revised the plan for the proposed dwelling and driveway. The record shows that Salas agreed to reduce the footprint of the dwelling to .093 acres of the delineated wetlands, construct the dwelling on pilings, and use pervious material for the driveway. Salas also agreed to make a contribution to the Wetlands Mitigation Council or some other suitable entity.

The NJDEP and Salas further stipulated that the agency could not approve the revised plan under the applicable regulatory standards governing coastal zone management and individual freshwater wetlands permits. The NJDEP therefore agreed to initiate reconsideration of the permit denial and authorization

of the revised plan, in accordance with N.J.A.C. 7:7A-17.1 (now N.J.A.C. 7:7A-13.1).

The stipulation stated that Salas would file a complaint against the NJDEP asserting an inverse condemnation claim. The stipulation also stated that within sixty days after filing and service of the complaint, the NJDEP would publish notice of its intent to reconsider the denial of the permit and application of its regulatory standards to the subject property. The NJDEP would provide for a fifteen-day public comment period, as required by its regulations.

The stipulation further provided that within 180 days after publication of the notice, the NJDEP would complete its written analysis of the applicable standards, review the revised plan and proposed mitigation contribution, and issue a final decision in the matter. Salas agreed to dismiss the administrative appeal challenging the permit denial, but retained the right to reinstate the appeal if the NJDEP did not issue an amelioration authorization allowing implementation of the revised plan.

In April 2016, Salas filed a complaint in the Law Division against the NJDEP asserting an inverse condemnation claim. The trial court docketed the matter as OCN-L-1001-16. On June 8, 2016, Burke filed a motion to intervene in that action. Later that month, the NJDEP published notice of its intent to

reconsider the denial of Salas's permit application and the application of its regulatory standards to the subject property.

In June 2016, the Association filed a complaint against the NJDEP, various NJDEP employees, and Salas. In that action, which the trial court docketed as OCN-L-1753-16, the Association challenged the NJDEP's decision to reconsider the denial of the Salas permit application. The Association sought, among other relief, a declaratory judgment finding that Salas had not established entitlement to the issuance of an amelioration authorization under the FWPA and the NJDEP's regulation, or a determination that the NJDEP's denial of the wetlands permit constituted a regulatory taking.

On September 26, 2016, the Association filed a motion seeking to enjoin the NJDEP's reconsideration process. Judge Craig L. Wellerson, Jr., denied the motion and, on October 17, 2016, the Association filed a motion in this court for leave to appeal from the trial court's order. We denied the motion.

On November 16, 2016, the Association filed another motion in the trial court seeking to enjoin the NJDEP from continuing the reconsideration process, and a motion for summary judgment. On August 26, 2016, the NJDEP filed a motion pursuant to Rule 4:6-2(a) and (e) to dismiss the Association's declaratory judgment action on the ground that the Law Division did not have subject matter

jurisdiction to hear a challenge to the NJDEP's decision to reconsider the permit denial.

On January 19, 2017, the NJDEP issued the amelioration authorization to Salas. The agency permitted Salas to construct the dwelling and driveway on the subject property, in accordance with the revised plan and other stated conditions.

On January 20, 2017, Judge Wellerson filed an order denying Burke's motion to intervene in the inverse condemnation action, and an order denying the Association's motion for summary judgment. On January 31, 2017, the judge filed another order, which granted the NJDEP's motion and dismissed both actions with prejudice pursuant to Rule 4:6-2(a) and (e). The judge also denied the Association's motion for a stay pending appeal and consolidated the matters for appeal. This appeal followed.

On June 22, 2017, the Association filed a motion in this court to stay any "disturbance of freshwater wetlands and related activity" pending disposition of the appeal. On July 14, 2017, we denied the motion. On August 7, 2017, the Association filed a motion in the Supreme Court for a stay of any disturbance of the wetlands pending appeal. On October 3, 2017, the Supreme Court denied the motion.

A-2825-16T1

II.

On appeal, the Association argues that Judge Wellerson erred by granting the NJDEP's motion to dismiss the complaint in OCN-L-1753-16 with prejudice, and by denying the Association's motion for summary judgment. We disagree.

Rule 2:2-3(a)(2) provides that "appeals may be taken to the Appellate Division as of right . . . to review final decisions or actions of any state administrative agency or officer[.]" The "rule vests the Appellate Division with exclusive jurisdiction over all such decisions or actions." Prado v. State, 186 N.J. 413, 422 (2006) (citations omitted). A litigant may not circumvent this court's exclusive jurisdiction under Rule 2:2-3(a)(2) by filing a declaratory judgment action in the trial division. Equitable Life Mortg. & Realty Inv'rs v. N.J. Div. of Taxation, 151 N.J. Super. 232, 237-38 (App. Div. 1977).

Here, the Association filed a declaratory judgment action, which sought review by the trial court of the NJDEP's decision to reconsider its previous denial of Salas's wetlands permit application. In the complaint, the Association claimed that Salas had not established that the permit denial resulted in an unconstitutional taking of the Salas's property without just compensation.

The Association therefore alleged that Salas had not established a basis for reconsideration of the NJDEP's denial of the permit and issuance of an

amelioration authorization allowing relief from strict application of the agency's regulatory standards. The Association sought to enjoin the NJDEP's administrative process. While the matter was pending, the NJDEP issued its final decision in the matter.

Judge Wellerson found that the Law Division did not have subject matter jurisdiction to entertain the Association's complaint. The judge determined that the issues the Association sought to litigate in the declaratory judgment action could only be reviewed in an appeal to this court from the NJDEP's final decision to issue the amelioration authorization and permit Salas to construct the dwelling and driveway in accordance with the revised plan.

The Association contends the trial court had jurisdiction to consider the claim asserted in the complaint. In support of that argument, the Association relies upon a provision of the Declaratory Judgment Act (DJA), N.J.S.A. 2A:16-50 to -62, which states in pertinent part that "[a] person . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, [or] contract" may obtain a declaration of rights to determine any question of construction or validity pertaining to such interests. N.J.S.A. 2A:15-53.

The Association's reliance upon N.J.S.A. 2A:15-53 is misplaced. The statute does not confer jurisdiction on the Law Division to grant such relief

where, as in this case, the dispute pertains to and arises from a final decision of a state administrative agency. As noted, under Rule 2:2-3(a)(2), this court has exclusive jurisdiction to consider appeals from final decisions or actions of a state administrative agency.

The Association argues, however, that in East Cape May Associates v. State, Department of Environmental Protection, 343 N.J. Super. 110 (App. Div. 2001), this court held that the Law Division has jurisdiction to review the NJDEP's issuance of an amelioration authorization. In that case, the NJDEP denied the plaintiff's application for a permit under CAFRA to construct residential units on an undeveloped one-hundred-acre tract, and the plaintiff filed an inverse condemnation action against the State. Id. at 118.

We held that N.J.S.A. 13:19B-22(b) applies to CAFRA standards as well as those under the FWPA. Id. at 135. We also held that the NJDEP was required to adopt regulations to implement the statute. Id. at 130-31. We remanded the matter to the agency to promulgate the required regulations. Id. at 139. We stated that thereafter, the agency would "have the amelioration opportunity afforded by" N.J.S.A. 13:19B-22(b). Ibid.

We also stated that the NJDEP would provide the trial court with the amelioration proposal, and the "trial court . . . shall review it (as part of the

inverse condemnation proceedings) to determine whether it comports with the duty-promulgated regulations." Ibid. We held that if the trial court sustains the proposal, it must then determine whether the result represents a regulatory taking of the plaintiff's property. Ibid.

The Association's reliance upon East Cape May Associates is misplaced. In that case, the court required the trial court to consider the NJDEP's amelioration proposal as part of the ongoing litigation of the inverse condemnation claim. See ibid. The court did not hold that the trial court has subject matter jurisdiction to consider challenges to the NJDEP's amelioration action in a case where there is no ongoing litigation.

Here, Salas and the NJDEP settled the dispute as to whether the agency's action constituted a regulatory taking. The trial court did not have jurisdiction to review the NJDEP's amelioration authorization. Moreover, in this case there was no ongoing litigation between Salas and the NJDEP on the inverse condemnation claim. Thus, East Cape May Associates does not apply.

The Association further argues that the trial court has jurisdiction to review a state administrative agency's failure to perform a ministerial duty. See Hosp. Ctr. at Orange v. Guhl, 331 N.J. Super. 322, 329 n.2 (App. Div. 2000) (noting that there is "some authority for the view that the Law Division has jurisdiction

14

to entertain an action to compel a state agency to perform a ministerial duty."). However, the NJDEP's permitting decisions are discretionary, not ministerial, acts. Moreover, as we have explained, this court has exclusive jurisdiction of appeals challenging the action or inaction of a state administrative agency. Prado, 186 N.J. at 422.

We conclude the trial court did not err by granting the NJDEP's motion to dismiss the complaint for lack of subject-matter jurisdiction, and denying the Association's summary judgment motion.

III.

The Association further argues that the trial court erred by dismissing the claim asserted under the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2, against the NJDEP and two NJDEP employees, David B. Fanz and Ryan Anderson. Again, we disagree.

In the complaint, the Association alleged the NJDEP defendants violated rights protected by the NJCRA because they: (1) issued a public notice to initiate reconsideration of the denial of the Salas wetlands permit even though Salas did not establish the criteria for such action; (2) published a preliminary analysis of the reconsideration decision without requiring Salas to satisfy the conditions for such reconsideration in the FWPA and the NJDEP's rules; and (3) refused to

respond to the Association's questions and requests for information regarding the NJDEP's actions.

The NJCRA provides in pertinent part that:

> Any person who has been deprived of . . . any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.
>
> [N.J.S.A. 10:6-2(c) (emphasis added).]

The NJCRA thus provides a cause of action to any person who has been deprived of any rights under either the federal or state constitutions by a "person" acting under color of law. N.J.S.A. 10:6-2(c). The NJCRA is modeled after the Federal Civil Rights Act, 42 U.S.C. § 1983, and provides "a remedy for the violation of substantive rights found in our State Constitution and laws." Brown v. State, 442 N.J. Super. 406, 425 (App. Div. 2015) (quoting Tumpson v. Farina, 218 N.J. 450, 474 (2014)), rev'd on other grounds, 230 N.J. 84 (2017).

The Supreme Court of the United States has determined "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). This holding

16

extends to "governmental entities that are considered 'arms of the State.'" Id. at 70 (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

In 1970, the NJDEP was established as a principal department in the Executive Branch of the New Jersey State Government. N.J.S.A. 13:1D-1. Although state officials are persons, "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." Will, 491 U.S. at 71 (citation omitted). As a result, neither a state nor its officials acting in their official capacities are persons amenable to suit under § 1983.

In this case, Fanz was acting in his official capacity as the Manager of the NJDEP's Bureau of Coastal Regulation when he denied Salas's application for a freshwater wetlands individual permit. He was also acting in his official capacity when he allegedly circumvented the "conditions which must be established before reconsideration of a permit denial." Furthermore, Anderson was acting in his official capacity as an environmental specialist with the NJDEP's Bureau of Coastal Regulation when he determined that the agency would reconsider the denial of Salas's freshwater wetlands individual permit.

A-2825-16T1

Because the NJRCA was modelled after § 1983, and under <u>Will</u> neither a state nor state officials acting in their official capacities are considered "persons" under § 1983, neither the State, Fanz, nor Anderson can be considered a "person" for the purposes of the NJCRA. We conclude the trial court did not err by dismissing the Association's claims against the NJDEP, Fanz, and Anderson under the NJCRA.

## IV.

Burke argues that the trial court erred by denying the motion to intervene in the inverse condemnation action. Burke contends he was entitled to intervene under <u>Rules</u> 4:33-1 and 4:33-2.

"The grant or denial of a motion to intervene . . . lies within the sound discretion of the trial court and should not be disturbed on appeal absent a clear showing that the trial court's discretion has been misapplied." <u>ACLU of N.J., Inc. v. Cty. of Hudson</u>, 352 N.J. Super. 44, 65 (App. Div. 2002) (citations omitted). A trial court's decision represents a mistaken exercise of discretion if the "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" <u>Milne v. Goldenberg</u>, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting <u>Flagg v. Essex Cty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

 A-2825-16T1

Rule 4:33-1 provides that upon a timely application, a court shall permit intervention "if the applicant claims an interest relating to . . . the subject of the action and is so situated that disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Furthermore, Rule 4:33-2 provides in pertinent part that "[u]pon timely application anyone may be permitted to intervene in an action if the claim or defense and the main action have a question of law or fact in common."

Here, Burke sought to intervene in the inverse condemnation action to challenge the NJDEP's decision to reconsider the permitting decision and issue the amelioration authorization that allowed Salas to develop the property in accordance with the revised plan. However, as we have explained, the trial court did not have jurisdiction to consider Burke's challenge to the NJDEP's final decision. Accordingly, intervention under either Rule 4:33-1 or Rule 4:33-2 was not appropriate. We therefore conclude the denial of Burke's motion to intervene was not a mistaken exercise of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2825-16T1